IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**T.J., on behalf of their minor child B.J.,**

  **Plaintiffs**

vs.              **No.**

**Espanola Municipal School District,**
**Maxine Abeyta and Martha Fernandez**


  **Defendants,**

## COMPLAINT FOR RECOVERY OF DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS

  Plaintiff T.J. by and through counsel, The Kennedy Law Firm, brings this complaint on behalf of their minor child, B.J., pursuant to Section 1983 of the United States Constitution, the Fourth Amendments of the United States Constitution, and N.M. Const. art. XII, § 1, and N.M.S.A. 1978 § 22-1-4.  and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff T.J. and their minor child, B.J., reside in Rio Arriba County, New Mexico.

2. B.J. was attending Espanola Valley High School, an Espanola Municipal School District school, at all material times.

3. At all times relevant herein, Plaintiffs T.J., and their son B.J.  resided in Espanola, New Mexico, where the New Mexico Constitution gives each child the property right to a free public education.  N.M. Const. art. XII, § 1 and N.M.S.A. 1978 § 22-1-4.

4. Defendant Espanola Municipal School District is in the County of Rio Arriba, City of Espanola, and governs Espanola Valley High School.

5.     Defendant Maxine Abeyta is the principle at Espanola Middle School at all times relevant in this complaint, and she was acting within the scope of her employment at all material times.

6.     Defendant Officer Martha Fernandez, is juvenile probation officer in the Espanola Probation Office, and she was acting under the color of state law and in her individual capacity at all material times.

7.     This Court has subject matter jurisdiction over the claim and jurisdiction over the parties.

8.     Personal Jurisdiction is proper since all parties either reside or conduct business in the District.  Additionally, the actions of the Defendants took place within the District.

9.     Venue is properly laid in this district because B.J., resides in the City of Espanola and because all of the material acts and/or omissions complained of herein occurred in the City of Espanola, New Mexico.  Defendant is located in Rio Arriba County.

## FACTUAL ALLEGATIONS

**I.     Background-Fellow Student's previous attack on B.J.**

10.    On January 22, 2010, B.J. and another student, Kyle Abeyta, were transported to Espanola Valley High School on Defendant Espanola Municipal School District's school bus.

11.    B.J. and Abeyta are members of San Juan Pueblo.

12.    Abeyta had previously been on probation via Tribal Courts.

13.    During transport, on January 22, 2010, B.J. was seated in the row of seats directly in front of Abeyta.

14.    Abeyta began kicking and punching the back of B.J.'s seat.

15.    Abeyta alleged that B.J. was staring at him.

16. Abeyta, then, punched B.J. in the face and head multiple times, while B.J. was unable to defend himself.

17. B.J. suffered two lacerations and swelling on his right cheek from Abeyta punching him in the face, and suffered multiple bumps on his head from Abeyta striking him in the back of the head.

18. Abeyta was uninjured, except for reddened knuckles on his right hand.

19. Officer Ernie Romero was dispatched to Espanola Valley High School to produce a battery report related to the incident between Abeyta and B.J.

20. Officer Romero contacted Defendant Fernandez to advise her of the incident.

21. Abeyta was searched at school.

22. Abeyta's property was given to Defendant Maxine Abeyta, his mother.

23. Defendant Abeyta is the principle at Espanola Middle School.

24. Abeyta was charged with aggravated battery.

25. Abeyta plead guilty to aggravated assault.

26. Abeyta was not expelled from Espanola Valley High School.

27. Abeyta attended classes at Espanola Valley High School the next day.

28. Mrs. Ortega is an Espanola Municipal District Schools employee.

29. On September 7, 2010, at approximately 2 p.m., Mrs. Ortega called for a security escort for B.J. from Mrs. Suazo's classroom to Mrs. Ortega's office.

30. School resource officers Christopher Archuleta and Alexandra Rosas escorted B.J. to Mrs. Ortega's office.

31. Officers Christian Lopez and Danny Pacheco were present in Mrs. Ortega's office during questioning of B.J.

32. Dr. Lloyd Vigil was present in Mrs. Ortega's office during questioning of B.J.

33. Mrs. Ortega requested that Officers Archuleta and Rosas search B.J.'s backpack.

34. Officers Archuleta and Rosas searched B.J.'s belongings and found art by B.J.

35. The art contained images of tombstones with students' names and other negative imagery.

36. B.J. told witnesses in Mrs. Ortega's room that he was using his art for a story board and that it was also a list of children who "bugged him."

37. Dr. Vigil had B.J. transported by Espanola Emergency Medical Treatment ambulance to Santa Fe for treatment.

38. B.J. was transported to St. Vincent's Treatment Center for psychiatric evaluation.

39. B.J. was not found to be a danger to himself or others by at St. Vincent's.

40. B.J. was released to the custody of his mother that evening.

41. On September 8, 2010, Defendant Fernandez authorized the arrest of B.J. for the stated reason that she was concerned that B.J. was not receiving the counseling he needed not knowing that B.J. had been released by the hospital. Defendant Fernandez overcharged B.J. by alleging attempted murder and aggravated assault in order to make sure B.J. was taken into custody and not merely summoned into the probation office.

42. B.J. did not attend classes at Espanola Valley High School on September 9, 2010.

43. B.J. was attending a counseling treatment with Sarah Whitmire at Ayundantes on North Riverside Drive on September 9, 2010 when he was arrested for attempted murder.

44. B.J. was subsequently expelled by Defendant Abeyta and Defendant School District for "improper behavior."

## COUNT I - FOURTH AMENDMENT VIOLATIONS: UNLAWFUL ARREST
### (Against Defendant Fernandez)

45. Plaintiff hereby incorporates paragraphs 1-43 as if fully restated herein.

46. Defendant Fernandez contends she believed B.J. had escaped St. Vincent's Treatment Center and still needed a psychiatric evaluation.

47. B.J. had been lawfully released into his mother's custody.

48. Rather than verify whether B.J. was a fugitive at large, or a teenage boy who had been released from the hospital to be evaluated at a later date, Defendant authorized the arrest of B.J.

49. B.J. was arrested ironically in the office of his counselor while undergoing psychiatric therapy.

50. B.J. was charged with attempted murder upon the explicit approval and recommendation of Defendant Fernandez.

51. Defendant's arrest of B.J. was objectively unreasonable as B.J. had committed no crime in drawing pictures.

52. Defendants had no lawful authority to arrest, detain or charge B.J.

53. Defendant lacked probable cause to arrest B.J. for attempted murder.

54. Defendant's arrest of B.J. was not reasonable related to the circumstances that gave rise to it. Any reasonable officer should have known that it was unreasonable to arrest a 15 year old boy in the process of a counseling session.

55. B.J. suffered damages as a result from the arrest.

56. There is a direct cause between Defendant's unconstitutional actions and B.J.'s injuries. Defendant's actions were willful, wanton, obdurate, and in gross and reckless disregard of plaintiff's constitutional rights

## COUNT II - FIRST AMENDMENT RETALIATION
### (Against Espanola Municipal School District)

57. Plaintiff hereby incorporates paragraphs 1-56 as if fully restated herein.

58. On September 23, 2010, Espanola Municipal District School held a meeting to discuss safety concerns related to B.J.

59. T.J. was notified via postal mail on September 29, 2010 that B.J. was expelled from Espanola Public Schools.

60. The letter cited violations to the Student Conduct Policy "which states that students should not engage in improper behavior."

61. B.J. has a First Amendment Constitutional right to express himself, including through drawings.

62. Defendant had no other basis to expel B.J. but for the mere creation of drawings.

63. There is a direct cause between Defendant's unconstitutional actions and B.J.'s injuries.

## COUNT III - FOURTEENTH AMENDMENT
### (Against Espanola Municipal School District)

64. Plaintiffs hereby incorporate paragraphs 1-63 as if fully restated herein.

65. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.

66. Defendant treated B.J. differently and denied him his right to equal protection of the laws.

67. Defendant expelled B.J. for private acts that do not constitute a threat to other students while the student who aggressively and without mercy beat B.J. on school property and plead guilty to aggravated assault was not only not expelled, but returned to school the next day.

68. Defendant singled B.J. out and punished him in a manner that was different from other similarly situated students and deprived him of a free public education in violation of his rights.

69. Defendants' actions were willful, wanton, obdurate, and in gross and reckless disregard of plaintiff's constitutional rights.

### COUNT IV - VIOLATION OF FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION- ARBITRARY EXPULSION FROM SCHOOL
**(Against Espanola Municipal School District and Maxine Abeyta)**

70. Plaintiff hereby incorporates paragraphs 1-69 as if fully restated herein.

71. Defendants provided B.J. a procedural hearing.

72. B.J. had a property right in a free public education as the New Mexico Constitution provides such a right to every child. N.M. Const. art. XII, § 1 and N.M.S.A. 1978 § 22-1-4.

73. Defendants expelled B.J. arbitrarily.

74. B.J. was harmed by the lack of due process and has suffered a loss of educational opportunities. Defendant's actions were willful, wanton, obdurate, deliberately indifferent, and in gross and reckless disregard of Plaintiff's constitutional rights.

### PRAYER FOR RELIEF

75. As a direct and proximate result of the actions of Defendants, B.J. has

suffered injuries resulting in expenses for psychological care and counseling, likely to continue to result in expenses for necessary psychological care and counseling into the foreseeable future; pain and suffering, temporary and probable permanent psychological impairment, loss of reputation, loss of educational opportunities, and other damages.

76. The intentional nature of the acts of the individual Defendants were reckless and in utter disregard of the rights and safety of B.J., constitute grounds for punitive damages to be awarded against them in an amount sufficient to punish them for the subject acts and to dissuade them and others from similar actions in the future.

77. Plaintiff seeks attorneys' fees and costs pursuant to Section 1988 of the Civil Rights Act.

## JURY DEMAND

78. Plaintiff hereby demands trial by jury.

**WHEREFORE** Plaintiff requests that this Court enter Judgment against Defendant's in an amount sufficient to compensate B.J. for his damages, for punitive damages against the individual Defendants, as determined by the Court, for the attorneys' fees and costs of this action, for prejudgment interest and post judgment interest as provided by law, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted By:

**The Kennedy Law Firm**

*/s/ Joseph P. Kennedy*
Joseph Kennedy
Shannon Kennedy
1000 Second Street NW
Albuquerque, New Mexico 87102