IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.J., on behalf of their minor child, T.J.,

      Plaintiff,

 vs.                                                                      No. 13-00741 RB-WPL

ESPANOLA MUNICIPAL SCHOOL
DISTRICT, JANETTE ARCHULETA and
MARTHA FERNANDEZ,

      Defendants.

## DEFENDANT MARTHA FERNANDEZ'S MOTION TO CONSOLIDATE ACTIONS

COMES NOW Defendant, Martha Fernandez, by and through Hatcher & Tebo, P.A.  and move this Court for it Order consolidating this action with the case of *Jones v. Children, Youth & Families Department,* USDC No. 13-CV-01250-KBM/RHS, all pursuant to Fed.R.Civ.P. 42(A)(2).  As grounds for this Motion, Movant would show as follows:

I.
BACKGROUND

1.      On August 9, 2013, Plaintiff herein filed her Complaint for Recovery of Damages due to Deprivation of Civil Rights by naming, as party Defendants, the Espanola Municipal School District, Janette Archuleta, Superintendent for the Espanola Public School District, and Martha Fernandez, a juvenile probation officer in the Officer of Children, Youth and Families Department (CYFD), Espanola Office.  This Complaint (Doc. 1) was amended on October 31, 2013 (Doc. 5). The Amended Complaint alleges violations of the First, Fourth and Fourteenth Amendments against Defendant, Fernandez, on grounds of unlawful arrest, a First Amendment retaliation claim against the Espanola School District and Archuleta, an Equal Protection Violation under the Fourteenth Amendment against all Defendants, a Fourteenth Amendment violation for the

arbitrary expulsion from school against the Espanola School District and Archuleta, and a violation of Title II of the Americans with Disabilities Act (ADA) against the school district Defendant.

2.      On October 30, 2013, Plaintiff, Billy Jones, filed a separate suit against CYFD for violations of Title II of the ADA in state district court, County of Santa Fe, under Cause No. D-101-CV-2013-02828.  This firm (Hatcher & Tebo, P.A.) entered for CYFD and filed a Notice of Removal pursuant to 28 U.S.C. § 1441(B) and § 1446(A) and (B).  That suit now carries the Cause No. USDC 13-CV-01250-KBM/RHS.

3.      Both suits arise out of the same set of facts and share most common issues of law.

4.      Specifically, both actions arise out of claims by or on behalf of Billy Jones, then a minor, concerning incidents which took place between September 7 and 9, 2010 in Espanola, New Mexico.  Plaintiffs allege Mr. Jones was suffering from a mental/emotional disorder and was a disabled person pursuant to the ADA as a result thereof at a time when he was wrongfully arrested by the Espanola Police Department.  This followed a law enforcement investigation over perceived threats by Jones to carry out acts of violence at school against other students, which resulted in criminal charges for attempted murder and aggravated assault.

5.      The allegations in both actions are virtually identical, although the legal claims vary somewhat depending on the specific identity of the Defendants in each.  As an example, Jones, either through his legal guardian or individually, sues CYFD and the Espanola School District for violations of Title II of the ADA.  He claims he was denied the benefit of 'services, programs, and activities" including but not limited to either access to a free public education, being treated with dignity by a governmental entity, experiencing encounters with officers properly trained to deal with mentally impaired citizens, or in being allowed to participate in mental health treatment without being arrested and charged with a crime.  Further, in the present suit, there are claims on

other legal grounds against Fernandez based on a violation of equal protection under the Fourteenth Amendment, retaliation for protected speech under the First and Fourteenth Amendments, and wrongful arrest or seizure under the Fourth and Fourteenth Amendments. Similar First Amendment claims are brought against the Espanola School District and Archuleta. The equal protection count is brought against all Defendants, with an allegation that all Defendants treated Jones "differently and denied him his right to equal protection of the laws based on his disability." Finally, there is a separate count against the School District and Archuleta for the arbitrary expulsion from school under the Fourteenth Amendment.

6.     All claims brought against CYFD in USDC 13-CV-0`1250-KBM/RHS are based on wrongdoing alleged against Fernandez, while acting on behalf of CYFD, virtually identical to that which are alleged in the present suit.

7.     The Court should consolidate these actions for all purposes because they share common issues of law and fact. Consolidation will serve the interests of the parties and the Court, streamline the proceedings in each action, and preserve litigation costs and court resources. The Court should, further, merge the cases for all purposes, including trial.

II.
ARGUMENT

Fed.R.Civ.P. 42(A)(2) states:

Consolidation. If actions before the Court involve a common question of law or fact, the Court may:
(1)     Join for hearing or trial any or all matters at issue in the action;
(2)     Consolidate the actions.

Consolidation serves the interests of both litigants and the courts where two actions raise common questions of law and fact. Courts enjoy broad discretion to consolidate actions under Rule 42(A). *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The purpose of

consolidation is to avoid unnecessary costs and delay and serve the considerations of convenience and economy. *Id.* at 1284-85.

The present action involves circumstances surrounding the arrest of Billy Jones, then a minor, who was a student within the Espanola School District in September, 2010 following an investigation over apparent threats by Jones to cause extreme violence to fellow students or others. The factual allegations in both actions are virtually identical as are many of the legal issues. This Court, in determining whether to consolidate these two actions should consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple trial alternatives.

*Hendricks v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495, *citing Arnold v. Eastern Airlines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982). The Tenth Circuit recognizes the considerations of judicial economy and fairness in consolidating cases which involve common issues of law and fact. *Harris v. Illinois-California Express, Inc.,* 687 F.2d 1361, 1368 (10th Cir. 1982).

For reasons stated above, the Court should consolidate the two actions into one, merging the cases for both briefing, rulings and trial, with the action filed first in time, specifically USDC 13-CV-00741-RB/WPL. Counsel for Fernandez requested concurrence of opposing counsel on the Motion by letter of January 29, 2014 (Exhibit "A"). Concurrence was not received from counsel for Plaintiff as of this filing and the Motion is deemed opposed.

WHEREFORE, Defendant, Fernandez, prays this Court enter its order consolidating the present case with USDC 13-CV-01250-KBM/RHS, pursuant to Fed.R.Civ.P. 42(A) and for such other and further relief as is just.

HATCHER & TEBO, P.A.

*/s/ Scott P. Hatcher*

By:_____

     Scott P. Hatcher, Esq.
     150 Washington Ave., Suite 204
     Santa Fe, NM   87501
     (505) 983-6525
     *Attorney for Defendants*

<u>CERTIFICATE OF MAILING</u>

The undersigned hereby certifies he transmitted a true and accurate copy of the foregoing via CM/ECF to:

Joseph Kennedy, Esq.                Shannon L. Kennedy, Esq.
Shannon Kennedy                  Kennedy & Oliver, P.C.
1000 Second Street, N.W.        1000 Second Street, N.W.
Albuquerque, NM  87102        Albuquerque, NM   87102

Bryan C. Garcia, Esq.
Carlos Sedillo, Esq.
Narvaez Law Firm, P.A.
P. O. Box 25967
Albuquerque, NM   87125

on this 25th day of February, 2014.

_____*/s/ Scott P. Hatcher*_____
Scott P. Hatcher, Esq.