# AFFIDAVIT OF RICHARD GALLEGOS

STATE OF NEW MEXICO )
)ss.
COUNTY OF RIO ARRIBA )

I, Richard Gallegos, being duly sworn, states as follows:

1. In September 2010, I was a sergeant with the Española Police Department.
2. On or about September 8, 2010, Espanola Police Officer Christian Lopez asked me to arrest B.J. and gave me criminal complaint and a statement of probable cause signed by Christian Lopez.
3. I made contact with the Ohkay Owingeh Police Department and asked permission to go to B.J.'s residence in Ohkay Owingeh Pueblo to arrest B.J.
4. The Ohkay Owingeh Tribal Court Judge gave me permission to arrest B.J. A copy of the authorization is attached to my affidavit as Exhibit 1.
5. I was accompanied by a tribal police escort and went to B.J.'s home. No one answered the door.
6. On September 9, 2010, B.J. had still not been located when I was informed that B.J. was scheduled to be at Presbyterian Center in Espanola.
7. I went to Presbyterian Center and was informed by the receptionist that B.J. was not there. I asked the receptionist to call me if B.J. did arrive.
8. A short time later, I received a call from dispatch that the Center had called to inform us that B.J. was at the Center.
9. When I arrived at the Center, B.J. was in a side room that looked like a waiting room.
10. I explained to B.J. what I was doing and placed him in handcuffs only (not leg shackles).
11. At no time did B.J. complain that the handcuffs were hurting him.
12. I drove B.J. to the Española Detention Center.
13. I filled out a booking authority form on September 9, 2010, a copy of which is attached to my affidavit as Exhibit 2.
14. I relied upon Christian Lopez's statement of probable cause and the criminal complaint in arresting B.J., a copy of which is attached to my affidavit as Exhibit 3.



Richard Gallegos

Subscribed and Sworn to before me this 7th day of ~~October~~ November, 2012, by Richard Gallegos.

My commission expires:
5/29/2015

Notary Public




**SAN JUAN PUEBLO TRIBAL COURT**
P.O. Box 1128
San Juan Pueblo, New Mexico 87566

FILED
SEP 0 8 2010
SAN JUAN TRIBAL COURT

Phone: (505) 852-4475
Fax: (505)852-4350

# AUTHORIZATION, ACKNOWLEDGEMENT, APPROVAL/DISAPPROVAL OF SERVICE

Having received and reviewed the attached document this date and time _Sept. 8, 2010_ _3:00_ AM/**PM** the Ohkay Owingeh Tribal Court takes the following action:

\_\_\_\_ Authorizes continued process

\_\_\_\_ Acknowledges or grants comity to attachment

✓ Approves for service as cited below  _EPD to be accompanied by OOPD/OOPD to serve_

\_\_\_\_ Disapproves it service as cited below

_Officers directed to return_
_runor to Court reference_
_extradition_

Set forth by my hand this __8__ day of _September_, 2010.

_[signature]_
Tribal Judge
Ohkay Owingeh Tribal Court

EXHIBIT 1
to Affidavit
of R. Gallegos

**BOOKING AUTHORITY FORM** (PLEASE PRINT)

**ARRESTING AGENCY:** E.P.D.  
**CITY AR#:** 2010-09-155  
**DATE:** 09/09/10  
**SOCIAL SECURITY #:** unknown  
**D.O.B:** 1-06-94

**PLEASE DETAIN:** Jones, Billy  
LAST / FIRST / MIDDLE / AGE / ETHNICITY

**ARRESTED PERSUANT TO:** (check appropriate reason for the arrest)

I. **FELONY**
- _____ Committed in my presence
- _____ I have reasonable cause to believe that the arrestee committed the felony listed below.

II. **MISDEMEANOR**
- _____ Committed in my presence.
- _____ Citizen's arrest.

III. **OTHER AUTHORITIES**
- _____ Commitment (J&S)
- _____ Foreign Warrant
- _____ Local Warrant
- _____ Parole
- _____ Probation
- _____ Mental Evaluation
- _____ Protective Custody

**CHARGE:**

| SECTION & CODE | DEGREE | CRIME TITLE |
|---|---|---|
| 30-2-1-B | | Attempt to Commit a felony |
| 30-3-2E | | Aggravated Assault |

**COURT:**
- ✓ District
- _____ Magistrate
- _____ Municipal
- _____ Tribal Court

**ARREST LOCATION:** Presbyterian Carter  
**CITY:** Espanola  
**DATE:** 09/09/10  
**TIME:** 11:38  
**LOCATION OF VEHICLE:** 0

**REMARKS:** _____

**ADDRESS OF SUBJECT:** PO BOX 63 Ohkay Onwigue  
462 E. Kennedy Loop, San Juan Pue.  
**TELEPHONE #:** _____

List all valuable property:
- Currency $ _____
- Credit Card _____
- Other property with a value over $50.00 _____
- Jewelry _____
- Cell Phone _____

ARRESTING OFFICER / TRANSPORTING OFFICER / BOOKING  
BOND: _____

EXHIBIT 2 to Affidavit of R. Gallegos

FIRST JUDICIAL DISTRICT COURT
CHILDRENS COURT DIVISION
COUNTY OF RIO ARRIBA
STATE OF NEW MEXICO

VS.

<u>BILLY JONES</u>

## STATEMENT OF PROBABLE CAUSE

States that I learned the following facts and circumstances which lead me to believe that Billy Jones D.O.B. 11-06-1994 SOC: Unk.
Committed or was committing the offense(s) of: Aggravated Assault; Attempt to commit a felony to wit; Murder

The undersigned hereby complains and states that on or about the 7th day of September, 2010, in the City of Espanola, in the County of Rio Arriba State of New Mexico, the above named child(s) did:

### COUNT I: ATTEMPT TO COMMIT A FELONY,

attempt to commit a felony, to wit: <u>Murder</u>, which failed in its commission, in that Child did attempt to [kill Jolene Benson, Ismael (No Last Name), Austin C, Chris D. Trujillo, a human being without lawful justification or excuse by any of the means with which death may be caused, and did so in a willful, deliberate and premeditated manner, and did so knowing that such act which caused the death created a strong probability of great bodily harm or death to , and did not act upon sufficient provocation, a sudden quarrel or in the heat of passion, contrary to NMSA 1978, Section 30-2-1B contrary to NMSA 1978, Section 30-2-1A(1).], contrary to NMSA 1978, Sections 30-28-1 .

### COUNT II: AGGRAVATED ASSAULT

willfully and intentionally assault, Jolene Benson, Ismael (No Last Name), Austin C, Chris D. Trujillo., with intent to commit a felony, to wit: <u>Murder</u>, contrary to NMSA 1978, Section 30-3-2C.

Victim(s): Listed above
Address:        Telephone Number:

Witness(s):
Address:        Telephone Number

Was child armed at the time of offense? YES ____ NO <u>XX</u>
Describe weapon:


EXHIBIT 3
to Affidavit
of R. Gallegos

Describe property: (damaged, stolen, or recovered):
Estimated value of property:

Were personal injuries inflicted or threatened? YES _____ XX
If so, nature and extent:

Are there indications the respondent is under the influence of alcohol? NO drugs? NO Mentally impaired? YES A gang member? NO A flight risk? YES

Describe indications if any:

Co-respondents:

_____
Signature

Espanola Police Department

Based on the above, Lieutenant Christian D. Lopez believes there is probable cause to

Believe that _Billy Jones_
    Child's Name
  Did commit the crime(s) of _____ COUNT I: ATTEMPT TO COMMIT A FELONY,
          _____ COUNT II: AGGRAVATED ASSAULT

Contrary, Section (s) 30-28-1, 30-3-2C, NMSA 1978.

This complaint is submitted for the limited purpose of demonstrating Probable Cause, and _Lieutenant Christian D. Lopez has not set forth every fact learned in this case.
Officer
A detailed Espanola Police Department offense/incident report will follow.

  I do solemnly declare and affirm under penalty of perjury that the matters and facts set forth in this statement are true to the best of my knowledge, information and belief.

                      _CD Lopez_
                       Officers Name Printed

_9-8-10_               _[signature]_
Date                  Officer Signature

## STATEMENT OF PROBABLE CAUSE

The above Child has been arrested without a warrant for the following reasons (set forth a plain, concise and definitive statement of facts establishing probable cause):

On Tuesday September 7, 2010, at approximately 1400 hrs, I was called by School Resource Officer Danny Pacheco (EPD) who informed me of a student at the Espanola Valley high School, who was said to have a "hit list" of students at the high school. The list was hand written in on notebook paper, which contained thirteen names. Although some of the names did not include first and last names.

I met with the SRO and the child mentioned who was identified as Billy Jones (fifteen years of age). The Childs mother Cecilia Jones was also present.

Billy first stated that the names on the list were people who "bugged him" and though further investigation found that some of the students would pick on Billy or were bullying him and now he was targeting them through the list. Also contained in the books and packets belonging to Billy, had pictures (5 total), depicting dead people or a person stabbing another and severe blood loss. The List had information written on it indicating "list for hell". There were five persons identified not by name but by descriptions such as:
1. Pink Whore
2. Special Blonde
3. Fat ass
4. Chris D
5. Chriss
6. Austin.

Some of the pictures also depicted tomb stones with student's names on the tomb stones. Names on the tomb stones were Jolene Benson (Pink Whore), Ismael (No Last Name), Austin C, Chris D. Trujillo AKA: Mexican Hitler.

When I asked Billy about the names and the pictures Billy told me the pictures were of a movie he was going to make. They were scenes from the movie, and the names were of people, who he would see on a daily basis who would bug him.

I asked Billy if he was going to hurt or injure himself and he said "he didn't think so" but sometimes he didn't know what he was thinking in his head. Cecilia then intervened in the interview and mentioned that Billy did have violent tendencies as he did express them two weeks prior, when she told him to take a bath and get ready for school the next day. Billy was said to have placed his hands around his mother's throat and then grabbed her arms. Cecilia still had bruises on the upper part of her arm that was in the healing process.

Billy seemed very regressed and attached to his mother. At one point Dr. Lloyd Vigil (School Psychologist) asked Cecilia if she would allow Billy to be mentally evaluated. Cecilia turned to Billy and asked him, "Do you want to leave Mommy". Billy then started to rub his mothers arm and told her "no I don't want leave you Mommy".

I then asked Billy again if he thought he could hurt someone, or any of the persons on the list and he stated he now did not know, and when asked if he would hurt himself such as kill himself, and Billy stated, I don't know sometimes I think that's the only way out". It now became a concern that Billy would hurt someone else and himself including his mother. Cecilia expressed that she was concerned for her safety not knowing if Billy would attack her. Cecilia was clearly concerned for her own safety.

Billy was then sent to St. Vincent Hospital for a Psychiatric Evaluation, because of his possible homicidal and suicidal tendencies.

On Wednesday September 8, 2010, SRO Pacheco informed me that Billy had escaped from the hospital and his whereabouts were unknown. We later found out that Billy had been calling his girlfriend on the night prior indicating that he had been released and needed a ride home. His girlfriend did not go for him but did indicate in an interview that Billy seemed "distant" when she talked with him.

I later learned that Cecilia had gone for Billy on September 8, 2010, and had him with her at about 1000 hrs. Law Enforcement confirmed this.

The fear from the staff at the high school is that Billy will act out what he has written or drawn and has the opportunity and means by which to do this. Because of this fear the school was placed on high alert security and the idea of locking down the school was also brought out.

Exhibit G is a transcript of a videotaped interview with B.J. by the Plaintiffs' expert witness. Due to the sensitive material possibly contained in said transcript, Exhibit G will not be filed unless the facts in Exhibit G are disputed by Plaintiffs. If the facts are so disputed, Exhibit G will be filed either with the permission of Plaintiffs or under seal.

