IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

      Plaintiff,

v.                                            CV 13-741 RB/WPL

ESPANOLA MUNICIPAL SCHOOL DISTRICT,
MARTHA FERNANDEZ, and JANETTE ARCHULETA,

      Defendants.

consolidated with

BILLY JONES,

      Plaintiff,

v.                                            CV 13-1250 RB/WPL

CHILDREN YOUTH AND FAMILIES DEPARTMENT,

      Defendant.

**ORDER GRANTING MOTION TO STAY DISCOVERY**

In his Amended Complaint, Billy Jones alleges numerous constitutional and federal law violations arising out of his arrest and expulsion from the Espanola Municipal School District. Martha Fernandez, a juvenile probation officer employed by the New Mexico Children, Youth & Facilities Department, filed a motion for summary judgment on the grounds of absolute immunity or, in the alternative, qualified immunity. Fernandez then filed a motion to stay proceedings pending a decision on her motion. There was no response to her motion to stay.

"The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing

*Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Id.* at 336 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). The court must determine whether a reasonable person could have believed the defendants' alleged actions to be lawful; if so, "defendants are entitled to dismissal before discovery." *Id.* In a suit with multiple defendants, only some of whom assert qualified immunity, all discovery should be postponed pending a ruling on qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

In *Iqbal*, the Supreme Court explained why it is appropriate to stay all discovery while a qualified immunity motion is pending. 556 U.S. at 685. If discovery proceeds between the other parties, "it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id*. Thus, even if the defendants were not subject to discovery orders, "they would not be free from the burdens of discovery." *Id*. at 685-86.

Fernandez argues that the law entitles her to protection from the burdens of discovery until the Court rules on her motion for summary judgment on the basis of absolute or qualified immunity, and she asserts that Plaintiff can show no compelling need to pursue discovery to oppose her motion for summary judgment.

Fernandez's motion to stay is granted. All discovery is stayed pending Judge Brack's ruling on the pending motion for summary judgment.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.