IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

    Plaintiff,

vs.                                          No. 13 -00741 RB-WPL

ESPANOLA MUNICIPAL SCHOOL DISTRICT,
JANETTE ARCHULETA AND MARTHA FERNANDEZ

    Defendants.
                                Consolidated with
BILLY JONES,

    Plaintiff,

vs.                                          No. 13-1253 MV-RHS

CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

## AMENDED MOTION TO DISMISS CLAIMS AGAINST ESPANOLA MUNICIPAL SCHOOL DISTRICT -AND- SUPPORTING MEMORANDUM

COMES NOW Defendant Espanola Municipal School District, by and through its counsel of record, Narvaez Law Firm, P.A. (Henry F. Narvaez and Carlos E. Sedillo) and pursuant to Fed.R.Civ.P. 12(b)(6), hereby moves this Court for an order dismissing with prejudice the claims against it from this lawsuit. Plaintiff has had an opportunity to review the relief requested in this Motion and opposes. As grounds for this Motion, Defendant Espanola Municipal School District (hereinafter "EMSD") provides as follows:

**A. Procedural Background Information**

*Overview of Amended and Allegations Against Defendant EMSD.*

The Amended Complaint against EMSD and Defendant Archuleta collectively asserts that Plaintiff, a student at the local high school, was expelled because of tombstone drawings listing the names as fellow classmates and other disturbing drawings. Am. Comp. ¶¶ 34-35. The causes of action plead against EMSD are: First Amendment retaliation (count II); Equal Protection violations (count III); Fourteenth Amendment violation for expulsion (count IV); and a claim under Title II of the Americans with Disability Act (count V).

**B. Motion to Dismiss**

In evaluating a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept as true all well-pleaded allegations of the complaint and construe the allegations in the light most favorable to the plaintiff. Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ridge at Red Hawk v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 200) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562, 570, (2007) (a plaintiff must nudge his claims across the line from what is conceivable to what is plausible).

Under the "plausibility" standard, it is not sufficient that a plaintiff might be able to prove some set of facts in support of pleaded claims. Id. There must be a reasonable likelihood from the complaint that the plaintiff muster factual support for the pleaded claims. Id. Furthermore, a plaintiff must plead more than labels, conclusions or a "formulaic recitation of the elements of a cause of action" Twombly, 550 U.S. at 555.

A court can begin its motion to dismiss analysis by identifying pleadings that are not entitled to the assumption of truth because they are merely conclusions. Ashcroft v. Iqbal, 129 S.

Ct. 1973, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

### C. Plaintiff's Amended Complaint Fails to Articulate a Municipal Liability Claim under 42 U.S.C. 1983.

School districts are considered municipalities for the purposes of evaluating 42 U.S.C. 1983 claims. Murrell v. School District No. 1, 186 F.3d 1238, 1249 (10th Cir. 1999); Chavez v. Los Lunas Public Schools, (No. Civ. 10-0507, ppg. 4-5 (D.N.M. 2010- Brack, J.)) (employment case)(attached as Exhibit A); Rost v. Steamboat Springs RE-2 School District, 511 F.3d 1114, 1124-1125 (10th Cir. 2008) (claims made against school districts under 42 U.S.C. 1983 are analyzed under a municipal liability framework).

In order to establish municipal liability under Section 1983, a plaintiff must allege facts demonstrating that she suffered a constitutional deprivation resulting from an established policy, a long-standing practice or custom, or the conduct or decision of a final policymaker for the municipality. See Moss v. Kopp, 559 F. 3d 1155, 1168-1169 (10th Cir. 2009).

The Amended Complaint demonstrates a complete absence of any allegation that the Plaintiff suffered a constitutional deprivation because of an established policy or long-standing practice or custom. Accordingly, this case must turn on whether "the conduct or decision of a final policymaker for the [school district]" unreasonably deprived Mr. Jones of a constitutional right. Id.

Similarly, there is no allegation in the Amended Complaint that former superintendent Archuleta or any other district employee was the "final policymaking authority" regarding the expulsion. Standing alone, this should be sufficient to warrant dismissal of the Amended

Complaint. See e.g. Chavez, supra., (finding the allegation that a superintendent "had the legal authority to oversee employees…" sufficient to survive a motion to dismiss analysis). There is no similar allegation in the Amended Complaint.

The analysis of whether Ms. Archuleta was the "final policy making authority is a legal question to be determined by the court based on state and local law." Randle v. City of Aurora, 69 F. 3d 441, 447 (10th Cir. 1995). Randle provides three elements to determine whether the individual is the "final policymaker":

> …(1) Whether the official is meaningfully constrained "by policies not of that official's own making"; (2) whether the official's decision are final – i.e., are the subject to any meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority.

Id. at 448 (internal citations omitted).

The School Code is instructive in this case. NMAC 6.11.2 (G)(4)(n) expressly provides that a local school board "shall have the right" to review a student expulsion if requested within ten days of being informed of the expulsion (except in circumstances not applicable here). Jantz v. Muci provides that "if the board retains the authority to review, even though it may not exercise such review or investigate the basis of the decision, delegation of final authority does not occur." 976 F. 2d 623, 631 (10th Cir. 1992) (citations omitted) (granting summary judgment).

There can be some flexibility in this analysis. See e.g. Flanagan v. Munger, 890 F. 2d 1557, 1559 (10th Cir. 1989) (discussing "final authority" in light of allegations that the City Council review was illusory). Nonetheless, there is no allegation in the Amended Complaint indicating that Plaintiff is pursuing this type of "illusory review" theory. There is no allegation in the Amended Complaint that Plaintiff sought to have the school board review the expulsion. There is no allegation in the complaint that the administrator's had "final authority." Accordingly, Murrell is controlling and the Court should dismiss all of the 42 U.S.C. 1983 claims because the Amended

4

Complaint "gives no indication" that a school administrator possessed the "final policymaking authority." 186 F. 3d 1238 (10th Cir. 1999) (string citations omitted).

Finally, in <u>Moss v. Kopp,</u> the Tenth Circuit found that a complaint was insufficient to survive a motion to dismiss because it did not allege that a final policymaker took any unconstitutional action or prove the allegedly unconstitutional conduct at issue, or that the conduct occurred pursuant to a decision made by the final policymaker. 559 F.3d 1155, 1169 (10th Cir. 2009). In <u>Moss</u>, the constitutional claims were dismissed against the named individual and the municipality/county. <u>Id</u>. The Court held the failure to allege the authority of the person making the policy decision was fatal to the constitutional causes of action. <u>Id</u>. Here, the Amended Complaint fails for the same reasons and the 42 U.S.C. 1983 claims (count II, III, and IV) must be dismissed with prejudice.

> ***(1) The Amended Complaint demonstrates the fact of substantial disruption and the reasonable forecast of harm. Accordingly, Plaintiff's First Amendment Cause of Action Fails.***

Plaintiff's Amended Complaint asserts that the tombstone and other disturbing drawings were created for a therapeutic purpose under the guidance of a therapist. Am. Comp. ¶¶ 34-35. The inference Plaintiff tries to create is that the violent drawings are private student expression. <u>Taylor v. Roswell Independent School District</u> demonstrates that private student expression in public schools is analyzed under <u>Tinker</u>. 713 F. 3d 25, 35-39 (10th Cir. 2013). <u>Tinker</u> is the seminal Supreme Court case involving students wearing black armbands in protest of the Vietnam War. <u>Tinker v. Des Moines</u>, 393 U.S. 503, 89 S. Ct. 733 (1988). The holding in <u>Taylor</u> stresses that "[a] disruption need not to actually materialize. <u>Taylor</u>, 713 F.3d at 36. School officials may act to prevent problems as authorities reasonably forecast substantial disruption or interference with the rights of others. <u>Id</u>. at 37.

The Amended Complaint (¶ 34) acknowledges that "[t]he art contained images of tombstones with student's names and other negative imagery." Security officers were called to the classroom, and escorted Mr. Jones from the classroom (¶¶ 28-30). Plaintiff's Amended Complaint demonstrates on its face both the fact of a substantial disruption to a school environment and the reasonable forecast for actual danger or harm to students and school personnel.

The images involved scenes depicting death and identified specific student names. The images were not private once they were brought to school. The administrator's actions were reasonable under the Tinker/Taylor standard.

Neither the 10th Circuit, nor New Mexico District Courts, appear to have directly confronted the facts plead in this case that attempts to insulate disturbing drawings as therapy when the school district considers the drawing and list of names as threatening to students at the school.

To the contrary, West v. Derby Unified Sch. Dist. No. 260 held that a School District suspending a student for drawing a picture of the Confederate flag during class which violated the school district's harassment and intimidation policy was not a First Amendment violation. 206 F.3d 1358, 1365-1366 (10th Cir. 2000). The tombstone and other disturbing drawings are at least as disruptive as the drawing in West.

In D.F. v. Board of Ed. Of Syosset Cosset Central District, a public school student kept, and then brought to the school, a journal depicting similar scenes of death and killing. 386 F.Supp. 2d 119 (D.N.Y. 2008). In D.F., the plaintiff asserted a similar interference with First Amendment rights. The Court holds that the question is whether the school administrator had "reasonable grounds for fearing the plaintiff might carry out act described." Id. at 128. In D.F., the Court determined that the school administrator's fear created by the student's journal was reasonable. Id. The analysis is from the school administrator's point of view, and not the students. The facts

concerning the nature of the potential threat and the schools reaction in U.F. parallel the facts alleged in the Amended Complaint. The similarity to D.F. supports the same legal conclusion that the decision to expel Plaintiff was reasonably based on the allegations set forth in the Amended Complaint.

The recent Tenth Circuit case Taylor v. Roswell Ind. School District, *supra,* and its focus on the potential for the school disruption as a reasonable basis to limit certain types of student speech on a public school campus is aligned with the "reasonability" analysis as the Court used in D.F.

Paragraphs 28, 34, and 37 of the Amended Complaint acknowledge that the tombstone and other drawings were disturbing. Accordingly, the District's actions were reasonable in order to protect the students. Therefore, the First Amendment cause of action (count III) should be dismissed.

### *(2) The Amended Complaint provides that a hearing was conducted and thus, Plaintiff's Due Process and Equal Protection Claims Fail.*

The Amended Complaint asserts a conclusory statement that Plaintiff's expulsion from the School District "served no governmental interest" and was "arbitrary". Am. Compl., ¶¶ 69-72, 77. As noted in the preceding section, the Court should apply a "reasonableness" standard for school administrators in reacting to student threats and school disturbances.

Based on the allegations in the Amended Complaint, the School District's actions were reasonable in light of the disturbing tombstone images (34) and the classroom disruption (28, 35). Plaintiff's classification on the drawings as a "therapeutic" (Am. Compl., 35) is a conclusory statement with limited utility in light of the fact that the reasonableness of the expulsion is from the school administrator's perspective. Moreover, the allegation that the drawings were brought to the school created a disturbance - just as in D.F. Porter is also instructive on addressing the

7

Seventeenth Amendment due process claim. Porter v. Ascension Parish Sch. Board, 393 F.3d 608 (5th Cir. 2004) (Higgibotham, J.). In Porter, the Fifth Circuit applied the Supreme Court's holding in Goss v. Lopez, that in the public school context, expulsion requires, at minimum, a hearing and notice. 419 U.S. 565, 571-573 (1975). Goss has been consistently applied for nearly forty years.

Plaintiff's Amended Complaint set forth allegations dispositive of the Fourteenth Amendment claims. First, Mr. Jones admitted that the drawings were his. Am. Compl., ¶ 35. This can have the effect of mitigating the need for hearing. Watson v. Beckel, 242 F. 3d 1237 (10th Cir. 2001) (There was no constitutional violation for a student who was expelled without a hearing because he admitted his guilt). Second, Plaintiff also alleges that a hearing was conducted. Am. Compl., 75. Accordingly, on the face of the Amended Complaint, the Goss due process requirements were met.

Moreover, there is nothing in the Complaint to suggest that expelling a student for facts as asserted in the Amended Complaint "shocks the conscience" sufficient to establish a substantive due process violation. See Seamons v. Snow, 84 F. 3d 1226, 1236 (10th Cir. 1996). There is no allegation in the Amended Complaint that the process used to expel Mr. Jones shocked the conscious and there are not sufficient allegations set forth in the Amended Complaint to infer any such "conscience shocking" actions. Finally, as discussed above, the facts alleged by Plaintiff concerning the tombstone and other disturbing drawings are on par with the drawing in West.

The equal protection claim goes on to allege that Plaintiff was treated differently than a student who had allegedly bullied him the preceding school year because Plaintiff was expelled and the other student was not. Plaintiff alleges that the School District treated Plaintiff differently than non-disabled students and articulates his disability as PTSD. However, the two instances and students are not viable comparators for equal protection purposes. For instance, Plaintiff doesn't

claim that K.A. had PTSD or that K.A. had threatening or disturbing drawings. It appears that the commonalities between the students are that they are each students that rode the same school bus. Because K.A. and Plaintiff are not sufficient comparators, the Court must apply the equal protection "class of one" analysis.

Under a "class of one" analysis, a plaintiff has a "substantial burden" to demonstrate that similarly situated individuals in all material respects were treated differently with no "objectively reasonable basis" for a defendants actions. Kansas Penn Gaming, LLC v. Collins, 656 F. 3d 1210, 1217 (10th Cir. 2011) (Internal quotations and citations omitted) (affirming a motion to dismiss). The Amended Complaint demonstrates the Plaintiff brought disturbing drawings of tombstones bearing other students names to school and that these drawings created disturbance meriting his removal from the classroom. Based on the plain language on the Amended Complaint, there was a reasonable basis for the School District's expulsion decision and, thus, the due process and equal protection cause of action (Count IV) should be dismissed with prejudice.

   **D. Plaintiff's American with Disabilities Act Claim fails because it fails to identify what major life activity has been substantially impacted.**

Plaintiff's Amended Complaint brings an ADA claim under Title II of the Act. Am. Compl., Count V. Title II typically concerns public access to public buildings and can include physical access as well as programmatic access, as opposed to the employment Title I. 42 U.S.C. § 12132. It is important to appreciate that there is no allegation brought under the IDEA (20 U.S.C. § 1400, et seq.) which establishes the federal framework used in preparing Individualized Educational Plans (IEP) for special needs students pursuant to Section 504 of the Rehabilitation Act of 1973. The IDEA gives students procedural safeguards when a school district is confronted with suspending or expelling a special needs student. 20 U.S.C. § 1400, et seq.

Here, there is no allegation in the Amended Complaint that Mr. Jones was a special needs student, he had an IEP in place, or even an allegation that an IEP should have prepared for him. Instead, the allegations appear to be that Mr. Jones has PTSD as a result of a physical altercation with another student on a school bus the preceding school year. Am. Compl., 18. For the purpose of evaluating the motion to dismiss, the Court should accept the assets fact that Plaintiff suffered from PTSD. PTSD and other mental illness can be considered disabilities under the ADA. 42 U.S.C. § 12102.

The Amended Complaint alleged that Plaintiff suffered from PTSD (Am. Compl., 18) but it fails to allege how a major life activity has been "substantially limited". Sutton v. United Air Lines, 527 U.S. 471 (1999) (reversed on other grounds). Sutton utilizes the EEOC codified regulation, interpreting "substantially limits" as "unable to perform or significantly restricted". Id. Failure to articulate how the condition substantially limits a major life activity is fatal to the cause of action. Lusk v. Ryder Integrated Logistics, 238 F.3d 1237, 1240-1241 (10th Cir. 2001).

The Amended Complaint also fails to allege that the school was aware or should have been aware that Mr. Jones suffered from PTSD.

### E. CONCLUSION

WHEREFORE Defendant Espanola Municipal Public Schools hereby requests that the Court grant it *Motion to Dismiss* and dismiss the cause of action raised against it (Count III, IV, and V) with prejudice.

Respectfully submitted,

**NARVAEZ LAW FIRM, P.A.**

 */s/  Henry F. Narvaez*
HENRY F. NARVAEZ
CARLOS E. SEDILLO
*Attorneys for School Defendants*
P.O. Box 25967
Albuquerque, New Mexico 87125-0967
T: (505) 248-0500

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing
electronically through CMECF,
which caused the following parties or
counsel to be served by email,
as more fully reflected on the Notice of Electronic Filing,
on December 10, 2014 to:

Joseph P. Kennedy
Shannon L. Kennedy
KENNEDY LAW FIRM
Attorneys for Plaintiff
1000 Second Street NW
Albuquerque, New Mexico 87102

Scott P. Hatcher
Hatcher & Tebo, P.A.
Attorney for Defendant Fernandez
150 Washington Ave., Suite 204
Santa Fe, NM 87501

 */s/  Henry F. Narvaez*
HENRY F. NARVAEZ