IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

    Plaintiff,

vs.   No. 1:13-cv-00741-RB-WPL

ESPAÑOLA MUNICIPAL SCHOOL DISTRICT and
SUPERINTENDENT JANETTE ARCHULETA,

    Defendants.

Consolidated with

BILLY JONES,

    Plaintiff,

vs.   No. 1:13-cv-01250-KBM-RHS

CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

    Defendants.

### SECOND AMENDED COMPLAINT FOR RECOVERY OF DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS AND VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff Billy Jones, by and through counsel, The Kennedy Law Firm, brings this complaint pursuant to Section 1983 for deprivation of civil rights, violations of Title II of the Americans with Disabilities Act, and violations of the First, Fourth and Fourteenth Amendments of the United States Constitution.  In support thereof, Plaintiff states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Billy Jones resides in Rio Arriba County, New Mexico.

2.    Billy Jones was attending Española Valley High School, an Española Municipal School District school, at all material times.

1

3. At all times relevant herein, Plaintiff Billy Jones resided in Española, New Mexico, where the New Mexico Constitution gives each child the property right to a free public education. N.M. Const. art. XII, § 1; NMSA 1978, § 22-1-4.

4. Defendant Española Municipal School District is in the County of Rio Arriba, City of Española, and governs Española Valley High School.

5. Defendant Janette Archuleta is the Superintendent for Española Public School District at all times relevant in this complaint, and she was acting within the scope of her employment at all material times.

6. This Court has subject matter jurisdiction over the claim and jurisdiction over the parties.

7. Personal Jurisdiction is proper since all parties either reside or conduct business in the District. Additionally, the actions of the Defendants took place within the District.

8. Venue is properly laid in this district because Billy Jones resides in the City of Española and because all of the material acts and/or omissions complained of herein occurred in the City of Española, New Mexico. Defendants are located in Rio Arriba County.

## FACTUAL ALLEGATIONS

### *Background and Fellow Student's Previous Attack on Billy Jones*

9. Billy Jones was bullied at least as early as elementary school and was homeschooled as a result of his prior schools' inability to protect him.

10. When Billy Jones and his mother relocated from Covington Georgia to Española, New Mexico, they anticipated that the move would provide a fresh start.

11. Billy Jones was again bullied when he began attending classes in Española.

12. Billy Jones did not retaliate against his bullies.

2

13. On January 22, 2010, Billy Jones and another student, K.A., were transported to Española Valley High School on Defendant Española Municipal School District's school bus.

14. Billy Jones and K.A. are members of San Juan Pueblo.

15. K.A. had previously been on probation via Tribal Courts.

16. During transport, on January 22, 2010, Billy Jones was seated in the row of seats directly in front of K.A..

17. K.A. began kicking and punching the back of Billy Jones' seat.

18. K.A. alleged that Billy Jones was staring at him.

19. K.A., then, punched Billy Jones in the face and head multiple times, while Billy was unable to defend himself.

20. Billy Jones suffered two lacerations and swelling on his right cheek from K.A. punching him in the face, and suffered multiple bumps on his head from K.A. striking him in the back of the head.

21. K.A. was uninjured, except for reddened knuckles on his right hand; however, Billy Jones began to suffer from Post-Traumatic Stress Disorder as a result of the beating.

22. Officer Ernie Romero was dispatched to Española Valley High School to produce a battery report related to the incident between K.A. and Billy Jones.

23. Officer Romero contacted Defendant Fernandez to advise her of the incident.

24. K.A. was searched at school.

25. K.A.'s property was given to Maxine Abeyta, his mother and principle at Española Middle School.

26. K.A. was charged with aggravated battery.

27.     K.A. plead guilty to aggravated assault.

28.     K.A. was not expelled from Española Valley High School.

29.     K.A. attended classes at Española Valley High School the next day.

30.     K.A. was not expelled from Española Valley High School for his violent battery on Billy Jones although later Billy Jones was expelled from Española Valley High School for drawing pictures for a horror movie and creating a list of characters for his movie story boards.

31.     Defendants Española Municipal School District and Archuleta knew or should have known that school administrators were failing to protect students like Billy Jones from being bullied by students like K.A., and that Billy Jones was in need of therapeutic services for having been a victim of a violent crime while on a school bus by a fellow student.

### *Expuslion of Billy Jones for Private Thereaputic Drawings*

32.     Mrs. Ortega is an Española Municipal District Schools employee.

33.     On September 7, 2010, at approximately 2 p.m., Mrs. Ortega called for a security escort for Billy Jones from Mrs. Suazo's classroom to Mrs. Ortega's office.

34.     School resource officers Christopher Archuleta and Alexandra Rosas escorted Billy Jones to Mrs. Ortega's office.

35.     Officers Christian Lopez and Danny Pacheco were present in Mrs. Ortega's office during questioning of Billy Jones.

36.     Dr. Lloyd Vigil was present in Mrs. Ortega's office during questioning of Billy Jones.

37.     Mrs. Ortega requested that Officers Archuleta and Rosas search Billy Jones' backpack.

38.     Officers Archuleta and Rosas searched Billy Jones' belongings and found art by Billy.

39.     At no time did Billy voluntarily show or otherwise disclose his artwork or the contents thereof to any other stuent attending Española Valley High School or any faculty or staff member.

40.     The art contained images of tombstones with students' names and other negative imagery.

41.     Billy Jones told witnesses in Mrs. Ortega's room that he was using his art for a story board and that it was also a list of children who "bugged him."  Billy Jones' therapist and told him and his mother that his drawing were therapeutic and could help him cope with the stress of being bullied at school.

42.     During the questioning of Billy by the Defendant officers, Dr. Lloyd Vigil (school psychologist) determined that Billy was in need of a psychiatric evaluation to determine whether he was a threat to himself.

43.     Española Valley High School Principal Salazar told Billy Jones that he could not return to school until he had a complete evaluation by a licensed psychiatrist.

44.     Dr. Vigil had Billy Jones transported by Española Emergency Medical Treatment ambulance to Santa Fe for treatment.

45.     Billy Jones was transported to St. Vincent's Treatment Center for psychiatric evaluation.

46.     Billy Jones was not found to be a danger to himself or others by at St. Vincent's.

47.     Billy Jones was released to the custody of his mother the following morning.

48.     Billy Jones did not attend classes at Española Valley High School on September 9, 2010.

49.     Billy Jones was attending a counseling treatment with Sarah Whitmire at Ayundantes on North Riverside Drive on September 9, 2010 when he was arrested for attempted murder.

50.     Billy Jones was subsequently expelled by Defendant Archuleta and Defendant School District for "improper behavior."

51.     Defendant Archuleta has the final say in any determination that a student is to be expelled.

52.     Defendant Archuleta communicated via a conference call with Billy Jones' father on September 9, 2010.

53.     In Defendant Archuleta's September 9, 2010 teleconference with Billy Jones' father he explained to Defendant Archuleta that a psychologist had expressed that Billy venting his feelings on paper was a "healthy way to handle things."

54.     Billy Jones' father communicated to Defendant Archuleta that Billy was evaluated at St. Vincent's Hospital and was released; only to be subsequently arrested from his treatment session with Sarah Whitmore.

55.     Billy Jones' father further communicated that Billy's notebook, in which his drawings were found, had been forcibly removed from him by another student.

56.     Defendant Archuleta informed Billy Jones' father that Billy would be suspended for 10 days "due to his conduct on campus."

57.     Defendant Archuleta followed up her conference call with Billy Jones' father by a letter to Billy's parents on September 16, 2010.

58.     In her September 16, 2010 letter to Billy Jones' parents, Defendant Archuleta communicated that Billy was being suspended through and including September 22, 2010, when his hearing would be held, "due to the serious nature of his conduct and in order to allow for the

6

scheduling of a hearing to consider [Plaintiff's] potential long term suspension or expulsion from school."

59. Defendant Archuleta's September 16, 2010 letter communicated the "basis for the recommendation to suspend Billy Jones." The recommendation was founded upon alleged violations of the District's policy for student conduct, including "[t]hreatening harm to any person on District owned property;" "[u]sing abusive or obscene language or gestures;" and "[e]ndangering the safety, health, or welfare of others by any act, including but not limited to: possessing obscene materials; using profane, vulgar, or abusive language (including ethnic slurs); and threatening bodily injury to others."

60. Defendant Archuleta stated in her September 16, 2010 letter that she had "determined that Billy Jones' conduct constitutes behavior which is in violation of Española Public School District's discipline policies."

61. Defendant Archuleta further stated in her September 16, 2010 letter that she "also determined that Billy Jones' conduct significantly interefere[d] with the school's ability to maintain discipline and to preserve a safe environment conducive to learning."

62. On September 21, 2010 Billy Jones was evaluated by N.H. Patt, M.D. Dr. Patt determined that Billy did not pose a threat to himself or others. However, Dr. Patt recommended that Billy receive a comprehensive psychological evaluation.

63. On September 29, 2010 Defendant Archuleta sent Billy Jones' parents a letter expelling Billy Jones from the Española Public Schools for the remainder of the 2010-2011 school year.

64. Defendant Archuleta's September 29, 2010 letter informed Billy Jones' parents that Billy Jones had been found to have violated District Policy for Student Conduct J-2300 JIC. Defendant

7

Archuleta explained that Billy violated J-2300 JIC because he engaged in improper behavior, specifying that Billy violated this policy by "physical abuse or threat of harm to any person on District owned or controlled property or at District sponsored or supervised functions[ and] conduct or speech that violates commonly accepted standards of the District and that, under the circumstances, has no redeeming social value."

65. Defendant Archuleta further wrote in her September 29, 2010 letter that Billy Jones violated District Policy J-4611 JKR which governs disciplinary action for endangering the "safety, morals, health, or welfare of others by any act, including but not limited to: using profane, vulgar, or abusive language (including ethnic slurs)."

66. Billy Jones' drawings were a thereaputic coping mechanism.

67. Billy Jones never willfully or intentionally showed his artwork or disclosed its contents to any Española Valley High School student or faculty member.

68. Due to the contents of his drawings, agents of Defendant Española School District perceived Billy Jones to have a mental/emotional disorder as of September 8, 2010 and required him to seek psychiatric treatment before returning to school.

69. Billy Jones was in the process of seeking medical care for mental/emotional disorders when he was wrongfully arrested and defamed.

70. Billy Jones was found not to pose a threat to himself or others by competent psychiatric professionals.

71. Billy Jones is disabled pursuant to the Americans with Disabilities Act because Defendants Española School District and Archuleta perceived him to have a mental/emotional

disorder and because he was suffering from Post-Traumatic Stress Disorder at all times material. 42 U.S.C. § 12012(1)(A) & (C).

72. Billy Jones' mental impairment which has been diagnosed as Post-Traumatic Stress Disorder resulting from bullying substantially limited Billy's major life activities at all times material; namely, Billy's Post-Traumatic Stress Disorder has affected his ability to take care of himself, learn and effectively communicate. 42 U.S.C.A. § 12102(2)(A).

73. Billy Jones' Post-Traumatic Stress Disorder has caused him to descend developmentally because he fears bullying and resulted in Billy giving up normal adolescent school and social life.

74. Billy Jones' Post-Traumatic Stress Disorder is chronic and will adversely affect his academic, social, family, romantic and vocational life as well as future parenting.

## COUNT I - FIRST AMENDMENT RETALIATION
**(Against Española Municipal School District and Janet Archuleta)**

75. Plaintiff hereby incorporates the preceding paragraphs as if fully restated herein.

76. On September 23, 2010, Española Municipal District School held a meeting to discuss safety concerns related to Billy Jones.

77. Defendant Archuleta communicated the District's concerns to Billy Jones' father via teleconference on September 9, 2010 and informed him that Billy would be suspended from school.

78. Defendant Archuleta sent a letter to Billy Jones' father on September 16, 2010 detailing the District's rationale for Billy's suspension.

79.     Defendant Archuleta sent a letter to Billy Jones' father on September 29, 2010 communicating that Billy Jones was expelled from Española Public Schools and detailing the District's rational for Billy's expulsion.

80.     The letter cited violations to the Student Conduct Policy "which states that students should not engage in improper behavior."

81.     Billy Jones has a First Amendment Constitutional right to express himself, including through therapeutic drawings.

82.     At no time did Billy Jones voluntarily disclose his drawings or their content to any student or administrative official at Española Valley High School.

83.     Defendants' decision to expel Billy Jones for the mere creation of therapeutic drawings which he did not intentionally show to any other person was arbitrary and lacked a rational basis.

84.     There is a direct cause between Defendant's unconstitutional actions and Plaintiff's injuries.

### COUNT II - VIOLATION OF FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION- ARBITRARY EXPULSION FROM SCHOOL
**(Against Española Municipal School District and Janet Archuleta)**

85.     Plaintiff hereby incorporates the preceding paragraphs as if fully restated herein.

86.     Billy Jones had a property right in a free public education as the New Mexico Constitution provides such a right to every child. N.M. Const. art. XII, § 1 and N.M.S.A. 1978 § 22-1-4.

87.     Defendant Archuleta has the final say in any determination that a student is to be expelled.

88.     Defendants provided Billy Jones a procedural hearing.

10

89.     Defendant Archuleta communicated the District's concerns to Billy Jones' father via teleconference on September 9, 2010 and informed him that Billy would be suspended from school.

90.     Defendant Archuleta sent a letter to Billy Jones' father on September 16, 2010 detailing the District's rationale for Billy's suspension.

91.     Defendant Archuleta sent a letter to Billy Jones' father on September 29, 2010 communicating that Billy Jones was expelled from Española Public Schools and detailing the District's rational for Billy's expulsion.

92.     Defendants' decision to expel Billy Jones for constitutionally protected activity was arbitrarily, without a rational basis, and shocks the concience.

93.     Billy Jones was harmed by the lack of due process and has suffered a loss of educational opportunities. Defendant's actions were willful, wanton, obdurate, deliberately indifferent, and in gross and reckless disregard of Plaintiff's constitutional rights.

### COUNT III – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
**(Against Española Municipal School District)**

94.     Plaintiff incorporates the allegations in previous paragraphs as if stated herein.

95.     Title II of the Americans with Disabilities Act forbids individuals, such as Defendant District, from discriminating against qualified individuals, such as Billy Jones, on the basis of their disability.

96.     Defendant District discriminated against Billly Jones when it expelled him for the manifestations of his disability and perceived mental impariment.

97.     Defendant District is a public entity as defined by the Americans with Disabilities Act, 42 U.S.C. § 12131(1)(B) (1990).

98.     Defendant District does not have sovereign immunity for claims arising under the Americans with Disabilities Act. 42 U.S.C. § 12202 (1990).

99.     Billy Jones was a qualified individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12131(2) (1990) on September 8, 2010.

100.    Billy Jones was disabled as defined under Section 12102(1)(A) of the Americans with Disabilities Act on September 8, 2010, because he had a mental impairment, namely, Post-Traumatic Stress Disorder, which impaired his major life functions, namely, learning and communicating. 42 U.S.C.A. § 12102(2)(A).

101.    Billy Jones is disabled as defined under Section 12012(1)(C) of the Americans with Disabilities Act because agents of Defendant Española School District perceived him as having a mental impairment sufficient to warrant psychiatric treatment on September 8, 2010. 42 U.S.C. § 12012(1)(C).

102.    Billy Jones meets the definition of Section 12012(1)(C) of the Americans with Disabilities Act because he was "subjected to an action prohibited under [the ADA]," namely, expulsion, "because of an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12012(3)(A).

103.    The actual or perceived mental impairment that Plaintiff suffered from at all material times was Post-Traumatic Stress Disorder as a result of bullying by his peers.

104.    Billy Jones' Post-Traumatic Stress Disorder is not "transitory" or "minor" under Section 12012(3)(B) because the effects of Plaintiff's PTSD resulting from being bullied are chronic according to a psychiatric expert.

105. Defendant District knew that Billy Jones was suffering from a mental imparment on September 8, 2010 and that he needed medical treatment.

106. On the basis of his disability, Billy Jones was denied the benefits of services, programs, and activities of the Española School District, including but not limited to the benefits of:

    a. access to a free public education;

    b. being treated with dignity by the government entity.

118. Defendant District discriminated against Billy Jones on the basis of his disability by expelling him from school because of his constitutionally protected expression; namely, because an administrative search revealed private thereaputic drawings that Billy drew as a mechanism to cope with his disability.

119. Defendant District violated mandatory New Mexico State Statutes, Administrative Codes, and Title II of the Americans with Disabilities Act.

120. As a result of Defendant Distict's discriminatory conduct, Billy Jones suffered damages.

## PRAYER FOR RELIEF

121. As a direct and proximate result of the actions of Defendants, Billy Jones has suffered injuries resulting in expenses for psychological care and counseling, likely to continue to result in expenses for necessary psychological care and counseling into the foreseeable future; pain and suffering, temporary and probable permanent psychological impairment, loss of reputation, loss of educational opportunities, and other damages.

122. The intentional nature of the acts of the individual Defendants were reckless and in utter disregard of the rights and safety of Billy Jones and constitute grounds for punitive damages to be awarded against them in an amount sufficient to punish them for the subject acts and to dissuade them and others from similar actions in the future.

123.    Plaintiff seeks attorneys' fees and costs pursuant to Section 1988 of the Civil Rights Act.

## JURY DEMAND

124.    Plaintiff hereby demands trial by jury.

**WHEREFORE** Plaintiff requests that this Court enter Judgment against Defendant's in an amount sufficient to compensate Plaintiff for his damages, for punitive damages against the individual Defendants, as determined by the Court, for the attorneys' fees and costs of this action, for prejudgment interest and post judgment interest as provided by law, and for such other and further relief as the Court deems just and proper.

    Respectfully Submitted By:

    **Kennedy Kennedy & Ives, LLC**

    */s/ Joseph P. Kennedy*
    Joseph P. Kennedy
    Shannon L. Kennedy
    Michael L. Timm, Jr.
    1000 Second Street NW
    Albuquerque, New Mexico 87102