IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

    Plaintiff,

vs.                                         No. 13 -00741 RB-WPL

ESPANOLA MUNICIPAL SCHOOL DISTRICT,
JANETTE ARCHULETA AND MARTHA FERNANDEZ

    Defendants.

Consolidated with

BILLY JONES,

    Plaintiff,

vs.                                           No. 13-1253 MV-RHS

CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

## DEFENDANT ESPANOLA MUNICIPAL SCHOOL DISTRICT'S AND JANETTE ARCHULETA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant Board of Education for the Espanola Municipal School District, and Defendant Janette Archuleta ("School Defendants"), by and through their counsel of record, Narvaez Law Firm, P.A. (Henry F. Narvaez and Carlos E. Sedillo), and hereby provides their *Answer to Plaintiff's Second Amended Complaint* as follows*:*

### PARTIES, JURISDICTION, AND VENUE

1.     School Defendants are without sufficient information to admit or deny the allegations as to Billy Jones' current residency and thereby deny the same.

2.     Paragraph 2 is admitted to the extent that it states that Espanola Valley High School is within the Espanola Municipal School District. Plaintiff's attendance records at Espanola Valley High School will speak for themselves.

3. Paragraph 3 states a legal conclusion, which requires no response. The New Mexico Constitution and Statutes speak for themselves.

4. Paragraph 4 is admitted to the extent that it states that the Espanola Municipal School District is in the County of Rio Arriba, City of Espanola. The remaining portions of Paragraph 4 are denied because the Board of Education for the Espanola Municipal School District governs Espanola Valley High School. *See* NMSA 1978, § 22-5-4.

5. Paragraph 5 is admitted. However, Ms. Archuleta is no longer employed in that capacity.

6. Paragraph 6 states a legal conclusion, which requires no response.

7. Paragraph 7 states a legal conclusion, which requires no response.

8. Paragraph 8 states a legal conclusion, which requires no response.

## FACTUAL ALLEGATIONS

### Background and Fellow Student's Previous Attack on Billy Jones

9. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 9 and they are therefore denied.

10. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 10 and they are therefore denied.

11. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 11 and they are therefore denied.

12. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 12 and they are therefore denied.

13. Paragraph 13 is admitted.

14. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 14 and they are therefore denied.

15. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 15 and they are therefore denied.

16. Paragraph 16 is admitted to the extent that this information in contained in the police report. The referenced police report will speak for itself.

17. Paragraph 17 is admitted to the extent that this information in contained in the police report. The referenced police report will speak for itself.

18. Paragraph 18 is admitted to the extent that this information in contained in the police report. The referenced police report will speak for itself.

19. Paragraph 19 is admitted to the extent that this information in contained in the police report. The referenced police report will speak for itself. School Defendants are without sufficient information or knowledge as to whether Plaintiff was able to defend himself or how many times Plaintiff was hit.

20. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 20 and they are therefore denied. Plaintiff's medical records will speak for themselves.

21. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 21 and they are therefore denied. Plaintiff's medical records will speak for themselves.

22. Paragraph 22 is admitted. The referenced report speaks for itself.

23. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 23 and they are therefore denied.

24. Paragraph 24 is admitted. The Uniform Incident Report speaks for itself.

25. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 25 and they are therefore denied.

26. Paragraph 26 is admitted.

27. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 27 and they are therefore denied. The referenced plea speaks for itself.

28. With respect to Paragraph 28, School Defendants cannot answer due to FERPA. Once the necessary releases are in place or by Court Order, K.A.'s discipline records will speak for themselves.

29. With respect to Paragraph 29, School Defendants cannot answer due to FERPA. Once the necessary releases are in place or by Court Order, K.A.'s attendance records will speak for themselves.

30. With respect to Paragraph 30, specifically the portions related to the discipline of K.A., Defendant cannot answer due to FERPA. The remaining portions of Paragraph 30 are admitted to the extent that Plaintiff was expelled from Espanola Valley High School for creating a "hit list" and creating a substantial disruption at the school.

31. Paragraph 31 is denied.

**Expulsion of Billy Jones**

32. School Defendants deny that Mrs. Ortega is an employee of Espanola Municipal Schools.

33. Paragraph 33 is admitted.

34. Paragraph 34 is admitted.

35. Paragraph 35 is admitted.

36. Paragraph 36 is admitted.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied to the extent that Plaintiff characterizes a hit list as "art". The remaining portions of Paragraph 38 are denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied to the extent that Plaintiff characterizes a hit list as "art". School Defendants further provide that the referenced images speak for themselves.

41. Paragraph 41 is denied to the extent that Plaintiff characterizes a hit list as "art". School Defendants admit that Plaintiff told staff and officers that the list contained people at the school who "bugged him". School Defendants further state that they are without sufficient information as to what Plaintiff's therapist told him, and therefore, deny the same.

42. It is admitted that following the questioning of Plaintiff Billy Jones by Dr. Vigil, Dr. Vigil determined that Plaintiff was in need of a threat assessment evaluation at an Emergency Room, to determine the potential threat to himself or others.

43. It is admitted that Administration told Plaintiff that he needed to go to an Emergency Room for a threat assessment evaluation.

44. It is admitted that Administration contacted an ambulance and that Plaintiff was transported to the Emergency Room in Santa Fe for a threat assessment evaluation.

45. The referenced medical records speak for themselves.

46. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 46 and they are therefore denied. Plaintiff's medical records will speak for themselves.

47. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 47 and they are therefore denied. Plaintiff's medical records will speak for themselves.

48. Paragraph 48 is admitted. Plaintiff's attendance records will speak for themselves.

49. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 49 and they are therefore denied. Plaintiff's medical records will speak for themselves.

50. Regarding Paragraph 50, School Defendants provide that the expulsion letter speaks for itself.

51. Paragraph 51 is admitted to the extent that pursuant to 6.11.2.12(G)(4) NMAC, the superintendent has the final say in expulsions if no appeal is taken on the superintendent's decision.

52. Defendant Archuleta is without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 52 and they are therefore denied.

53. Defendant Archuleta is without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 53 and they are therefore denied.

54. Defendant Archuleta is without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 54 and they are therefore denied.

55. Defendant Archuleta is without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 55 and they are therefore denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is admitted to the extent that Principal Arthur Salazar sent a letter to Plaintiff's mother on September 16, 2010. The referenced letter speaks for itself.

58. Paragraph 58 is admitted to the extent that Principal Arthur Salazar sent a letter to Plaintiff's mother on September 16, 2010. The referenced letter speaks for itself.

59. Paragraph 59 is admitted to the extent that Principal Arthur Salazar sent a letter to Plaintiff's mother on September 16, 2010. The referenced letter speaks for itself.

60. Paragraph 60 is admitted to the extent that Principal Arthur Salazar sent a letter to Plaintiff's mother on September 16, 2010. The referenced letter speaks for itself.

61. Paragraph 61 is admitted to the extent that Principal Arthur Salazar sent a letter to Plaintiff's mother on September 16, 2010. The referenced letter speaks for itself.

62. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 62 and they are therefore denied. Plaintiff's medical records will speak for themselves.

63. Paragraph 63 is admitted to the extent that Defendant Archuleta sent a letter to Plaintiff's parents on September 29, 2010. The referenced letter speaks for itself.

64. Paragraph 64 is admitted to the extent that Defendant Archuleta sent a letter to Plaintiff's parents on September 29, 2010. The referenced letter speaks for itself.

65. Paragraph 65 is admitted to the extent that Defendant Archuleta sent a letter to Plaintiff's parents on September 29, 2010. The referenced letter speaks for itself.

66. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 66 and they are therefore denied. Plaintiff's medical records will speak for themselves.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 69 regarding whether or not Plaintiff was in the process of seeking medical care and/or treatment, and they are therefore denied. Plaintiff's medical records will speak for themselves. The remaining portions of Paragraph 69 state legal conclusions, which require no response. To the extent that a response is required, School Defendants deny the factual allegations contained therein.

70. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 70 and they are therefore denied. Plaintiff's medical records will speak for themselves.

71. Paragraph 71 states a legal conclusion, which requires no response. To the extent that a response is required, School Defendants deny the factual allegations contained therein.

72. Paragraph 72 states a legal conclusion, which requires no response. To the extent that a response is required, School Defendants deny the factual allegations contained therein.

73. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 73 and they are therefore denied. Plaintiff's medical records will speak for themselves.

74. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 74 and they are therefore denied. Plaintiff's medical records will speak for themselves.

## COUNT I – FIRST AMENDMENT RETALIATION
**(Against Espanola Municipal School District and Janette Archuleta)**

75. School Defendants incorporate all prior responses as if fully set forth herein.

76. Paragraph 76 is denied.

77. Defendant Archuleta is without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 77 and they are therefore denied.

78. Paragraph 78 is admitted to the extent that Principal Arthur Salazar sent Plaintiff's parents a letter on September 16, 2010. The referenced letter speaks for itself.

79. Paragraph 79 is admitted to the extent that Defendant Archuleta sent a letter to Plaintiff's parents on September 29, 2010. The referenced letter speaks for itself.

80. With respect to Paragraph 80, School Defendants provide that the referenced letter speaks for itself.

81. Paragraph 81 states a legal conclusion, which requires no response.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

84. Paragraph 84 is denied.

**COUNT II – VIOLATION OF FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION – ARBITRARY EXPULSION FROM SCHOOL**
**(Against Espanola Municipal School District and Janette Archuleta)**

85. School Defendants incorporate all prior responses as if fully set forth herein.

86. Paragraph 86 states a legal conclusion, which requires no response. To the extent that a response is required, School Defendants provide the New Mexico Constitution and referenced statutes speak for themselves.

87. Paragraph 87 is admitted to the extent that pursuant to 6.11.2.12(G)(4) NMAC, the superintendent has the final say in expulsions if no appeal is taken on the superintendent's decision.

88. Paragraph 88 is admitted.

89. Defendant Archuleta is without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 89 and they are therefore denied.

90. Paragraph 90 is admitted to the extent that Principal Arthur Salazar sent Plaintiff's parents a letter on September 16, 2010. The referenced letter speaks for itself.

91. Paragraph 91 is admitted to the extent that Defendant Archuleta sent a letter to Plaintiff's parents on September 29, 2010. The referenced letter speaks for itself.

92. Paragraph 92 is denied.

93. Paragraph 93 is denied.

### COUNT III – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITES ACT
**(Against Espanola Municipal School District)**

94. School Defendants incorporate all prior responses as if fully set forth herein.

95. Paragraph 95 states a legal conclusion, which requires no response.

96. Paragraph 96 is denied.

97. Paragraph 97 states a legal conclusion, which requires no response.

98. Paragraph 98 states a legal conclusion, which requires no response.

99. Paragraph 99 states a legal conclusion, which requires no response.

100. Paragraph 100 states a legal conclusion, which requires no response.

101. Paragraph 101 states a legal conclusion, which requires no response.

102. Paragraph 102 states a legal conclusion, which requires no response.

103. School Defendants are without sufficient recollection or knowledge to admit or deny the allegations in Paragraph 103 and they are therefore denied. Plaintiff's medical records will speak for themselves.

104. Paragraph 104 states a legal conclusion, which requires no response.

105. Paragraph 105 is denied.

106. Paragraph 106, and all of its subparts are denied.

107. Paragraph 107, marked Paragraph 118 in the Second Amended Complaint is denied.

108. Paragraph 108, marked Paragraph 119 in the Second Amended Complaint is denied

109. Paragraph 109, marked Paragraph 120 in the Second Amended Complaint is denied.

## PRAYER FOR RELIEF

110. Paragraph 110, marked Paragraph 121 in the Second Amended Complaint states a legal conclusion, which requires no response. To the extent that a response is required, School Defendants deny that Plaintiff is entitled to the relief requested.

111. Paragraph 111, marked Paragraph 122 in the Second Amended Complaint states a legal conclusion, which requires no response. To the extent that a response is required, School Defendants deny that Plaintiff is entitled to the relief requested.

112. Paragraph 112, marked Paragraph 123 in the Second Amended Complaint states a legal conclusion, which requires no response. To the extent that a response is required, School Defendants deny that Plaintiff is entitled to the relief requested.

## JURY DEMAND

113. Paragraph 113, marked Paragraph 124 in the Second Amended Complaint requires no response. School Defendants demand a jury.

## AFFIRMATIVE DEFENSES

As separate and alternative affirmative defenses, School Defendants state as follows:

A. Defendant Janette Archuleta asserts the defense of qualified immunity as to the federal claims.

B. If Plaintiff was injured and/or damaged as alleged in Plaintiff's Complaint, such injuries and damages were caused by third parties for whom School Defendants are not liable.

C. Plaintiff's injuries and/or damages were caused by an independent intervening cause for which School Defendants are not liable.

D. To the extent applicable, apportioned fault should be compared and contrasted.

E. Plaintiff fails to state a claim for relief in whole or part upon which relief may be granted.

F. To the extent applicable, Plaintiff may have failed to mitigate his damages thereby barring recovery herein or reducing such recovery in an amount proportionate.

G. The award of punitive damages against School Defendants would violate provisions of the New Mexico and United States Constitutions. In addition, procedures of awards of punitive damages in New Mexico do not provide safeguards adequate to ensure due process is guaranteed by the Fourteenth Amendment to the United States' Constitution in that:

 a. There is no statutory limit placed on the amount of punitive damages that a jury may award;

 b. The jury is insufficiently limited on its discretion to award punitive damages;

 c. The "preponderance of evidence" standard of proof is not high enough to satisfy due process where School Defendants face a punitive damage award.

H. As a separate and alternative affirmative defense, punitive damages may not be awarded against a public entity or its employees acting in their official capacity.

I. Plaintiff's claims are barred to the extent that Plaintiff has failed to comply with the applicable statute of limitations.

J. School Defendants had a compelling and legitimate interest in accordance with the confines of the First Amendment to take the action complained of in this case as Plaintiff's actions materially and substantially interfered and disrupted the educational process and operation of the school, and infringed upon the rights and well-being of other students attending the public school system.

K. The referenced drawings demonstrated violent disturbing imagery or theme evidencing threats of violence, and are thus not protected First Amendment speech or expression in the public school setting context.

L. School Defendants acted in accordance with school policies and/or the school code of conduct.

M. The actions or inaction taken by the School Defendants were reasonable, were discretionary in nature, acted upon in good faith and for legitimate purposes, and complied with the Constitution at all material times hereto.

N. School Defendants' response was reasonable taking into account all the surrounding circumstances and in light of the special circumstances of the school environment.

O. School Defendants actions did not deprive Plaintiff of his due process rights.

P. School Defendants did not treat Plaintiff differently than someone similarly situated.

Q. Plaintiff does not identify with specificicity, other similarly situated students who were treated differently.

R. Plaintiff does not have a physical impairment or serious medical condition within the Americans with Disabilities Act.

S. If Plaintiff had a disability within the Americans with Disabilities Act, he did not inform School Defendants of such disability.

T. Plaintiff did not ask the school for a reasonable accommodation.

U. To the extent Plaintiff seeks declatory or injunctive relief; any such claims are barred on grounds of mootness.

V. Plaintiff was not perceived as disabled by the School Defendants under the Americans with Disabilities Act.

W. School Defendants provided Plaintiff with a Due Process hearing in accordance with State Administrative Code. Deference should be afforded to that process.

X. To the extent applicable, Plaintiff has failed to exhaust the administrative remedies to address the issues as set forth in Plaintiff's petition.

Y. School Defendants acted with objective reasonableness under the circumstances then existing, and their conduct was justified or privileged.

Z. As may be borne out by discovery, Plaintiff's damages are barred by the doctrine of unclean hands, laches, and estoppel.

Respectfully submitted,

**NARVAEZ LAW FIRM, P.A.**

*/s/ Carlos E. Sedillo*
HENRY F. NARVAEZ
CARLOS E. SEDILLO
*Attorneys for Defendants Espanola Schools and Janette Archuleta*
P.O. Box 25967
Albuquerque, New Mexico 87125-0967
T: (505) 248-0500

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 17th day of February, 2015, I filed the foregoing electronically through CMECF, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph P. Kennedy
Shannon L. Kennedy
Mike Timm
KENNEDY LAW FIRM
*Attorneys for Plaintiff*
1000 Second Street NW
Albuquerque, New Mexico 87102
T: (505)244-1400  F:  (505) 244-1406


*/s/  Carlos E. Sedillo*
CARLOS E. SEDILLO