IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

      Plaintiff,

vs.                                              CV 13-741 RB-WPL

ESPANOLA MUNICIPAL SCHOOL DISTRICT,
and SUPERINTENDENT JANETTE ARCHULETA

      Defendants.

**ORDER GRANTING-IN-PART AND DENYING-IN-PART
PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Billy Jones filed a motion to compel Defendant Espanola Municipal School District ("EMSD") to supplement its responses to certain interrogatories and requests for production. (Doc. 101.) EMSD filed a response (Doc. 106) and Jones timely filed a reply (Doc. 108). As further explained below, I grant-in-part and deny-in-part Jones's motion to compel.

As an initial matter, I note that Jones relies on his claim that "his expulsion violated his equal protection rights" to justify some of his interrogatories and requests for production. (*Id.* at 1.) However, in his Unopposed Motion for Leave to File Second Amended Complaint, Jones stated that the Second Amended Complaint, which is currently operative, "omits Plaintiff's Fourteenth Amendment equal protection claim, which the parties have agreed to dismiss with prejudice." (Doc. 66 at 1.) Accordingly, Jones does not have a Fourteenth Amendment equal protection claim and cannot use such a claim to justify discovery requests.

Jones propounded interrogatories and requests for production to EMSD on December 22, 2015. (Doc. 101 at 1.) Jones argues that EMSD's answers to Interrogatory Nos. 3 through 10 were deficient in two respects: First, EMSD refused to provide complete answers to some Interrogatories because, according to EMSD, the Family Education Rights and Privacy Act

("FERPA"), 20 U.S.C. § 1232g, prohibits EMSD from disclosing the requested information; and second, EMSD provided inadequate, unsatisfactory, incomplete, or insufficient responses.

### I.      Interrogatory No. 3

Interrogatory No. 3 requested identification of "each time the superintendent and/or [EMSD] used a student's alleged violation of Student Conduct Policy J-2300 JIC to suspend a student," for the period between August 2009 and August 2011. (Doc. 101-3 at 3.) For each incident, Jones requested "the date of the suspension, the name of the school at issue, the name of the student, the grade of the student, and a brief description of the student's alleged conduct which violated Student Conduct Policy J-2300 JIC." (*Id.*) EMSD objected to the Interrogatory on FERPA grounds and because the request was overly broad and burdensome. (*Id.*) However, EMSD did attach a 181 page index that identified students by their student identification number, school, grade, gender, and race, and provided an infraction number, date of discipline, an infraction code, and the school's response. (Doc. 101 at 4; Doc. 101-5.) The index did not state whether the student was disciplined for violations of Policy J-2300 or provide a brief description of the alleged conduct. (*Id.*) Jones is now willing to accept records with the students' names and other personal information redacted, and to limit his request to incidents involving assault, battery, gang related activity, and weapons. (Doc. 108 at 2, 5.)

EMSD responds that FERPA prohibits disclosure of education records without a court order or the written consent of the student, if he or she has attained the age of majority, or their parents. (Doc. 106 at 2 (citing 20 U.S.C. § 1232g(b)(2)).) Additionally, EMSD objects that providing the requested information would be unduly burdensome and would require EMSD staff to "conduct an extensive search in its [archived] files," "to purchase software upgrades for later versions of the student information software," and then to individually review each

student's file to determine which policy the student was said to have violated. (*Id.* at 2-3.) The District would also be required to notify the students and/or parents. (*Id.* at 3.) Finally, EMSD argues that because Jones no longer has a claim for violation of his Equal Protection rights, the requested information is not relevant.

While I agree that Jones no longer has a claim under the Equal Protection clause, he maintains a claim under the Americans with Disabilities Act ("ADA"), which requires Jones to prove, among other things, that he was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity, or . . . subjected to discrimination by any such entity" on the basis of his qualifying disability. *McGuinness v. Univ. of N.M. Sch. of Med.*, 170 F.3d 974, 978 (10th Cir. 1998) (quoting 42 U.S.C. § 12132). Accordingly, evidence that EMSD handled incidents of assault, battery, gang related activity, or possession of weapons differently depending on whether the student was in special education or receiving additional accommodations is relevant to his ADA claim.

EMSD cites to *Naglak v. Penn. State Univ.*, 133 F.R.D. 18, 24 (M.D. Pa. 1990). *Naglak* does not help EMSD's argument. While the *Naglak* court agreed disclosure of students' names and addresses would violate FERPA, it found that the "problem can be remedied by submitting the information requested in statistical, summary form." *Id.* EMSD fails to explain how this supports its claim.

Some courts have concluded that redacted disciplinary records, which do not contain personally identifiable information, may properly be disclosed under FERPA. *United States v. Miami Univ.*, 294 F.3d 797, 824 (6th Cir. 2002). Others have concluded that disciplinary records are not "educational records" under FERPA, and may therefore be disclosed. *State ex rel. The Miami Student v. Miami Univ.*, 680 N.E.2d 956, 959 (Ohio 1997), *cert. denied*, 522 U.S. 1022

(1997) (disciplinary proceedings occurring before a board are unrelated to academic performance and are not "education records" under FERPA); *Red & Black Pub. Co., Inc. v. Bd. of Regents*, 427 S.E.2d 257, 261 (Ga. 1993) (finding that FERPA intended to protect records "relating to individual student academic performance, financial aid, or scholastic probation," but not disciplinary records). Still other courts have found that "once a record is redacted, it no longer contains 'information relating directly to a student' and is therefore not an educational record under FERPA." *Bd. of Trs., Cut Bank Pub. Sch. v. Cut Bank Pioneer Press*, 160 P.3d 482, 487 (Mont. 2007) (citing *Osborn v. Bd. of Regents of Univ. of Wis. Sys.*, 647 N.W.2d 158, 168 n.11 (Wis. 2002)). The Tenth Circuit has not weighed in on this issue.

Even if the records to be disclosed are "educational records" under FERPA, FERPA does not prohibit the disclosure of educational records: FERPA instead penalizes the inappropriate disclosure of such information. 20 U.S.C. § 1232g. When considering motions to compel and objections on the basis of FERPA, other federal courts have found that FERPA "does not create an evidentiary privilege . . . [and] documents covered by FERPA are indeed discoverable in the context of a civil action." *Morton v. Bossier Parish Sch. Bd.*, 2014 WL 1814213, at *3 (W.D. La. 2014) (unpublished) (alterations in original) (quoting *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005)); *see also Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023-24 (N.D. Ohio 2004); *Bauer v. Kincaid*, 759 F. Supp. 575, 589 (W.D. Mo. 1991); *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). Furthermore, the regulations state that an educational institution "may disclose personally identifiable information from an education record of a student without the consent required . . . if the disclosure . . . is to comply with a judicial order or lawfully issued subpoena," 34 C.F.R. § 99.31(a)(9)(i), and "only on the condition that the party to whom the information is disclosed will not disclose the information to

4

any other party without the prior consent of the parent or eligible student," 34 C.F.R. § 99.33(a)(1).

"[T]he party seeking the disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students." *Rios*, 73 F.R.D. at 599. Courts have found various circumstances that satisfy this "heavy burden." *Maxey v. Sioux City Cmty. Sch. Dist.*, 2009 WL 35171, at *2 (N.D. Iowa 2009) (unpublished). Courts usually find that a party has met the burden when it would be "impossible to prove" the claim without such records. *Rios*, 73 F.R.D. at 599; *see, e.g.*, *Davids v. Cedar Falls Cmty. Sch.*, 1998 WL 34112767, at *3 (N.D. Iowa 1998) (finding need for disclosure of records to prove allegation that the school "engaged in a practice of disparate discipline of minority and non-minority students," and that such need outweighed the students' privacy interests). In *Maxey*, the district court found that the plaintiff's need to learn the identity of potential witnesses to the incident underlying her claim was sufficient to overcome the privacy interests protected by FERPA, particularly because plaintiff did not seek "such confidential matters as grades, disciplinary reports, or student evaluations." 2009 WL 35171, at *2 (N.D. Iowa 2009) (unpublished).

Here, of course, Jones specifically seeks disciplinary reports. Even if the records at issue—disciplinary reports with a short statement of the underlying facts that allegedly violated Student Conduct Policy J-2300 JIC, the date of suspension, the name of the school, and the grade of the student—are "education records" under FERPA, they are not privileged from disclosure. *Morton*, 2014 WL 1814213, at *3. Further, the records at issue are necessary for Jones to prove his claim: he cannot show that he was treated differently from other students, on the basis of his qualifying disability, without records showing how other students were treated. *See Rios*, 73

F.R.D. at 599. I therefore find that Jones's need for the discovery outweighs the students' privacy interests. EMSD's objection on FERPA grounds is overruled.

Finally, EMSD contends that the Interrogatory is overly broad and burdensome. Jones has agreed to limit his request to incidents involving assault, battery, gang related activity, and weapons possession. (Doc. 108 at 2.) Jones's request is limited to EMSD's disciplinary actions within one year before or after his expulsion and further limited to incidents that are generally similar to the facts underlying this case. However, Jones—who was a high school student at the time of this incident—requests records from elementary school disciplinary cases as well. It stands to reason that elementary school students are treated differently than middle and high school students. Accordingly, EMSD need not produce records for disciplinary actions taken against elementary school or kindergarten students. This objection is sustained in part.

As to EMSD's burdensomeness contention, EMSD relies on the Affidavit of Bobbie Gutierrez, current superintendent of EMSD, for the proposition that EMSD would have to manually search each individual student's file to determine whether that student was disciplined under the relevant policy. (Doc. 106-1.) Given the above limitations, I find that it would not be unduly burdensome for EMSD to determine which middle and high school students were disciplined under Student Conduct Policy J-2300 JIC, between August 2009 and August 2011, for violations involving assault, battery, gang related activity, or weapons possession. This objection is overruled.

EMSD will fully respond to this Interrogatory, consistent with the limitations imposed herein, within 45 days of the entry of this Order. That is, EMSD will identify each time that a middle or high school student was suspended for a violation of Student Conduct Policy J-2300 JIC, between August 2009 and August 2011. For each identified incident, EMSD will state the

date of the suspension, the name of the school at issue, the grade of the student, and a brief description of the student's conduct. EMSD will redact all personally identifiable information, including the student's name, address, or date of birth.

No later than 30 days after entry of this Order, EMSD will make reasonable efforts to contact the relevant parents or students and alert them to the required disclosures. EMSD will provide those individuals a ten-day period to object to the disclosure. EMSD will then have five days to resolve the objections with the relevant individuals or may approach the Court for further instruction.

## II.      Interrogatory No. 4

Interrogatory No. 4 requested identification of "each time the superintendent and/or [EMSD] used a student's alleged violation of District Policy J-4611 JKR to suspend a student," for the period between August 2009 and August 2011. (Doc. 101-3 at 4.) For each incident, Jones requested "the date of the suspension, the name of the school at issue, the name of the student, the grade of the student, and a brief description of the student's alleged conduct which violated District Policy J-4611 JKR." (*Id.*) As above, EMSD objected to the Interrogatory on FERPA grounds and because the request was overly broad and burdensome, but referenced the same 181 page index that identified students by their student identification number, school, grade, gender, and race, and provided an infraction number, date of discipline, an infraction code, and the school's response. (Doc. 101 at 4; Doc. 101-5.) Jones is now willing to accept records with the students' names and other personal information redacted, and to limit his request to incidents involving assault, battery, gang related activity, and weapons. (Doc. 108 at 2, 5.)

As with Interrogatory No. 3, EMSD's FERPA objection must be overruled because the records are not privileged from discovery, *Morton*, 2014 WL 1814213, at *3, and because the records at issue are necessary for Jones to prove his claim, *see Rios*, 73 F.R.D. at 599. Also as above, EMSD's objection that the Interrogatory is overly broad is sustained in part, while the burdensomeness objection is overruled.

As above, EMSD will fully respond to this Interrogatory, consistent with the limitations imposed herein, within 45 days of the entry of this Order. EMSD will identify each time that a middle or high school student was suspended for a violation of District Policy J-4611 JKR, between August 2009 and August 2011. For each identified incident, EMSD will state the date of the suspension, the name of the school at issue, the grade of the student, and a brief description of the student's conduct. EMSD will redact all personally identifiable information, including the student's name, address, or date of birth.

No later than 30 days after entry of this Order, EMSD will make reasonable efforts to contact the relevant parents or students and alert them to the required disclosures. EMSD will provide those individuals a ten-day period to object to the disclosure. EMSD will then have five days to resolve the objections with the relevant individuals or may approach the Court for further instruction.

### III.     Interrogatory No. 5

Interrogatory No. 5 asked whether a student is automatically expelled and/or suspended when he or she violates District Policy J-4611 JKR and/or Student Conduct Policy J-2300 JIC. (Doc. 101-3 at 5.) If a student is not automatically suspended or expelled for such violations, this Interrogatory asked "what other factors are used to determine whether the student should be expelled and/or suspended[.]" (*Id.*) EMSD directed Jones to Policy J-4850. (Doc. 101-6.)

Jones argues that Policy J-4850 merely outlines the procedure to suspend or expel a student, but does not provide a substantive answer as to whether suspension/expulsion is automatic, and if not, the factors considered when making that determination. (Doc. 101 at 5.) EMSD responds that Policy J-4850 "outline[s] what the District does and considers when determining whether a student shall be suspended or expelled," and is responsive to the Interrogatory. (Doc. 106 at 4

Federal Rule of Civil Procedure 33(d) allows a party answering an interrogatory to refer to their own business records when the answer may be derived or ascertained from those records and "the burden of deriving or ascertaining the answer will be substantially the same for either party." Such an answer is "inappropriate where the interrogatory calls for 'the exercise of particular knowledge and judgment on the part of the responding party.'" *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D. W.Va. 2007) (quoting *United Oil Co. v. Parts Assocs. Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005)). However, the answering party must identify which documents are responsive with sufficient detail to allow the interrogating party to quickly identify those documents. *Id.* "If the pertinent documents do not contain all the [relevant] information[, the answering party] must provide substantive responses." *Id.* (citing FED. R. CIV. P. 33(d); *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980)).

While Policy J-4850 does make clear that EMSD uses a formal process when deciding whether to suspend a student for more than ten days or to expel a student, Policy J-4850 does not answer Jones's question. Specifically, Policy J-4850 does not state whether a violation of District Policy J-4611 JKR and/or Student Conduct Policy J-2300 JIC results in an automatic suspension or expulsion. Further, Policy J-4850 does not state what factors are considered when deciding

how to punish a student for such a violation. Because Policy J-4850 does not specifically answer the Interrogatory, EMSD's answer to Interrogatory No. 5 is incomplete.

EMSD will supplement its answer to Interrogatory No. 5 within fourteen days from the date of entry of this Order.

## IV.    Interrogatory No. 6

Interrogatory No. 6 asks "what considerations, if any, are given to the child's First Amendment rights" when determining EMSD's "interest in disciplining a child for violations of District Policy J-4611 JKR and/or Student Conduct Policy J-2300 JIC." (Doc. 101-3 at 5.) EMSD objects to the Interrogatory on the basis that it was too vague, but stated that "all policies are adopted and followed in accordance with State and Federal Law, as well as New Mexico Administrative Code." (*Id.*) The parties do not helpfully or meaningfully brief the issues related to Interrogatory No. 6. Jones states, merely, that EMSD's "answer is non-responsive and Plaintiff is entitled to a supplemental answer" (Doc. 101 at 6), and that "Defendant Espanola's response was unspecific and unsatisfactory" (Doc. 108 at 6).

While a general vagueness objection will not generally be sustained, where interrogatories themselves are "too vague or indefinite to properly apprise the defendants of the information sought," those interrogatories need not be answered. *Stanzler v. Loew's Theatre & Realty Corp.*, 19 F.R.D. 286, 289 (D.R.I. 1955). In this instance, I am unable to discern the information Jones seeks, or its relevance, in Interrogatory No. 6. Therefore, I sustain EMSD's vagueness objection. EMSD need not further answer Interrogatory No. 6.

## V.    Interrogatory No. 7

Interrogatory No. 7 asks EMSD to identify any of its interests "that were served when it expelled [Jones]," and for factual support as to each interest. (Doc. 101-3 at 6.) EMSD provided

"the investigation file, . . . specifically the Hearing Findings Letter from Dr. Trujillo, the Notice of Expulsion Letter from Superintendent Archuleta, and the Board Review Letter from the Espanola School Board." (*Id.*; Doc. 106 at 6 (EMSD again provided these records, after the motion to compel was filed).) Jones contends that EMSD's response is inadequate because "none of these documents reveal a governmental purpose." (Doc. 101 at 6.)

Without the benefit of the produced documents, it is impossible for me to say whether the investigation file is responsive to Jones's request. However, it is clear that EMSD did not specifically identify any government interest served in expelling Jones. Pursuant to *Ayers* and Rule 33(d), EMSD is required to respond specifically to Jones's request to identify EMSD's interest.

EMSD will supplement its answer to Interrogatory No. 7 within fourteen days from the date of entry of this Order.

## VI.   Interrogatory No. 8

Interrogatory No. 8 requested identification of "each time the superintendent and/or [EMSD] used a student's alleged violation of Student Conduct Policy J-2300 JIC to expel a student," for the period between August 2009 and August 2011. (Doc. 101-3 at 7.) For each incident, Jones requested "the date of the expulsion, the name of the school at issue, the name of the student, the grade of the student, and a brief description of the student's alleged conduct which violated Student Conduct Policy J-2300 JIC." (*Id.*) As above, EMSD objected to the Interrogatory on FERPA grounds and because the request was overly broad and burdensome, but referenced the same 181 page index that identified students by their student identification number, school, grade, gender, and race, and provided an infraction number, date of discipline, an infraction code, and the school's response. (Doc. 101 at 4; Doc. 101-5.) Jones is now willing

to accept records with the students' names and other personal information redacted, and to limit his request to incidents involving assault, battery, gang related activity, and weapons. (Doc. 108 at 2, 5.)

As with Interrogatory Nos. 3 and 4, EMSD's FERPA objection must be overruled because the records are not privileged from discovery, *Morton*, 2014 WL 1814213, at *3, and because the records at issue are necessary for Jones to prove his claim, *see Rios*, 73 F.R.D. at 599. Also as above, EMSD's objection that the Interrogatory is overly broad is sustained in part, while the burdensomeness objection is overruled.

As above, EMSD will fully respond to this Interrogatory, consistent with the limitations imposed herein, within 45 days of the entry of this Order. EMSD will identify each time that a middle or high school student was expelled for a violation of Student Conduct Policy J-2300 JIC, between August 2009 and August 2011. For each identified incident, EMSD will state the date of the expulsion, the name of the school at issue, the grade of the student, and a brief description of the student's conduct. EMSD will redact all personally identifiable information, including the student's name, address, or date of birth.

No later than 30 days after entry of this Order, EMSD will make reasonable efforts to contact the relevant parents or students and alert them to the required disclosures. EMSD will provide those individuals a ten-day period to object to the disclosure. EMSD will then have five days to resolve the objections with the relevant individuals or may approach the Court for further instruction.

### VII.    Interrogatory No. 9

Interrogatory No. 9 requested identification of "each time the superintendent and/or [EMSD] used a student's alleged violation of District Policy J-4611 JKR to expel a student," for

12

the period between August 2009 and August 2011. (Doc. 101-3 at 8.) For each incident, Jones requested "the date of the expulsion, the name of the school at issue, the name of the student, the grade of the student, and a brief description of the student's alleged conduct which violated District Policy J-4611 JKR." (*Id.*) As above, EMSD objected to the Interrogatory on FERPA grounds and because the request was overly broad and burdensome, but referenced the same 181 page index that identified students by their student identification number, school, grade, gender, and race, and provided an infraction number, date of discipline, an infraction code, and the school's response. (Doc. 101 at 4; Doc. 101-5.) Jones is now willing to accept records with the students' names and other personal information redacted, and to limit his request to incidents involving assault, battery, gang related activity, and weapons. (Doc. 108 at 2, 5.)

As with Interrogatory Nos. 3, 4, and 8, EMSD's FERPA objection must be overruled because the records are not privileged from discovery, *Morton*, 2014 WL 1814213, at *3, and because the records at issue are necessary for Jones to prove his claim, *see Rios*, 73 F.R.D. at 599. Also as above, EMSD's objection that the Interrogatory is overly broad is sustained in part, while the burdensomeness objection is overruled.

As above, EMSD will fully respond to this Interrogatory, consistent with the limitations imposed herein, within 45 days of the entry of this Order. EMSD will identify each time that a middle or high school student was expelled for a violation of District Policy J-4611 JKR, between August 2009 and August 2011. For each identified incident, EMSD will state the date of the expulsion, the name of the school at issue, the grade of the student, and a brief description of the student's conduct. EMSD will redact all personally identifiable information, including the student's name, address, or date of birth.

No later than 30 days after entry of this Order, EMSD will make reasonable efforts to contact the relevant parents or students and alert them to the required disclosures. EMSD will provide those individuals a ten-day period to object to the disclosure. EMSD will then have five days to resolve the objections with the relevant individuals or may approach the Court for further instruction.

### VIII. Interrogatory No. 10

Interrogatory No. 10 asked what acts EMSD contends Jones did that disrupted the school. (Doc. 101-3 at 9.) EMSD again referred Jones to the investigation file. (*Id.*) Jones contends, simply, that these documents do not specify the allegedly disruptive acts and that EMSD "must answer the interrogatory." (Doc. 108 at 6.) EMSD, for its part, responds that the records provided "outline all of the reasons as to the expulsion of Plaintiff." (Doc. 106 at 7.)

Again, without the benefit of the records to review, I cannot say whether EMSD adequately responded to the Interrogatory. However, EMSD asserts that it always follows policy, and Policy J-4850 explicitly states that, before a student is expelled, a formal letter must be sent to the parents/student that contains a statement of "[t]he charges and the rule or regulation violated." (Doc. 101-6 at 2.) A copy of the letter is to remain on file. (*Id.*)

If such a letter was provided to Jones in the investigative file, then EMSD has complied with its obligations. If such a letter was not provided to Jones in the investigative file, then EMSD will supply the letter or otherwise respond to the Interrogatory within fourteen days from the date of entry of this Order.

### IX. Request for Production 4

Request for Production 4 asked EMSD to "produce any and all records pertaining to every suspension and/or expulsion of a student in [EMSD] August 2009 to August 2011." (Doc.

14

101-4 at 2.) Additionally, Jones requested that EMSD "include in this response all memorandums, correspondence, hearing documents, charging documents, notice of hearing documents, police reports and incident reports that pertain to an incident that resulted in the suspension and/or expulsion of a student." (*Id.*) EMSD objected to the Request on the basis of FERPA and because it is overly vague and unduly burdensome. (*Id.*) Again, Jones has limited his request to incidents involving assault, battery, gang related activity, and weapons. (Doc. 108 at 2.)

EMSD's vagueness objection is overruled. The Request is quite specific. As to the burdensomeness objection, I again limit the scope to suspensions/expulsions of middle and high school students.

Police reports are not education records under FERPA and this objection does not apply. To the extent that EMSD possesses police reports for such incidents, EMSD will produce those reports within fourteen days from the date of entry of this Order.

While the other records requested are not privileged under FERPA, there are additional privacy concerns under this Request. Jones bears the burden of showing why discovery of these records is necessary to prove his claims, and why the information produced from Interrogatory Nos. 3, 4, 8, and 9 are not sufficient. Here, Jones states that the "information is highly relevant to Plaintiff's theory of recovery against [EMSD]" because he seeks "the factual basis for past disciplinary sanctions." (Doc. 108 at 4.)

As discussed above, I agree with Jones that information sought in Interrogatory Nos. 3, 4, 8, and 9 contain relevant information and will provide the factual basis for past disciplinary sanctions. However, I fail to see, and Jones does not explain, how the additional records are relevant or necessary to proving his claims or how this necessity outweighs the students' privacy

interests. Because Jones has not met his burden of proving that his need outweighs the students' privacy interests, I deny Jones's motion to compel as it relates to Request 4. *See Rios*, 73 F.R.D. at 599.

C<span style="font-variant:small-caps;">onclusion</span>

As explained herein, I grant-in-part and deny-in-part Jones's motion to compel. Specifically, EMSD will fully respond to Interrogatory Nos. 5 and 7 within fourteen days from the date of entry of this Order. Jones's motion is denied as to Interrogatory No. 6 and Request for Production 4. As to Interrogatory Nos. 3, 4, 8, and 9, EMSD will fully respond to these Interrogatories, consistent with the limitations imposed herein, within 45 days of the entry of this Order. EMSD will identify each time that a middle or high school student was suspended and/or expelled for a violation of Student Conduct Policy J-2300 JIC and/or District Policy J-4611 JKR, between August 2009 and August 2011. For each identified incident, EMSD will state the date of the suspension and/or expulsion, the name of the school as issue, the grade of the student, and a brief description of the student's conduct. EMSD will redact all personally identifiable information, including the student's name, address, or date of birth.

No later than 30 days after entry of this Order, EMSD will make reasonable efforts to contact the relevant parents or students and alert them to the required disclosures. EMSD will provide those individuals a ten-day period to object to the disclosure. EMSD will then have five days to resolve the objections with the relevant individuals or may approach the Court for further instruction.

It is so ordered.

_____
William P. Lynch
United States Magistrate Judge